## McCRAY vs. SAMUEL.

1. Demand for payment is necessary as a condition precedent to the enforcement of a landlord's special lien on crops, but not to the enforcement by distress warrant of his general lien on the property of his tenant.
2. By the constitution of 1877, justice courts are required to be held at fixed times and places. A distress warrant which is made returnable to the next term of the justice court for the district is sufficient, without specifying the day on which it would be held.

3. Where a landlord has two demands for rent, due for consecutive years, the amounts being liquidated, he is not compelled to unite the demands in one distress warrant, although he has the option to do so.

Lien.    Distress warrant.    Justice Courts.    Actions. Before Judge WRIGHT.    Decatur Superior Court.    May Term, 1880.

Reported in the decision.

J. E. DONALDSON ; R. R. TERRELL, by brief, for plaintiff in error.

No appearance for defendant.

JACKSON, Chief Justice.

Two distress warrants were issued for rent, each for seventy dollars, one for 1875 and the other for 1876, and both were levied on the crop of 1879.   On motion of defendant they were dismissed, illegality thereto being interposed, and the judgment of dismissal is the error assigned.   There are three grounds of illegality taken:

1. The first is because no demand was made for payment before the warrants were sued out.   None was necessary.   This is not a proceeding to enforce the landlord's special lien on the crops of the year for which the rent was due, when a demand for payment would have been necessary, but it is a proceeding to enforce a general lien, under the general distress law, for rent.   Code, sections 4082-3-4; 55 *Ga.*, 655 ; 57 *Ga.*, 31.

2. The next ground is that the warrants were made returnable to the next justice court of the district, without naming the day when that court would be held.   The constitution of 1877 requires them to be held on fixed days every month. Supplement to Code, §632.  Before that

constitution the time when the court was held should have been named, but now the old law is revived, the law names it, and everybody should know the day. Code, sections 4083, 3635.

3. The third ground of illegality is, that the two demands for rent were not consolidated and included in one warrant and returned to the superior court. The plaintiff might have done so if he wished, but it was optional with him. The rents were for separate years, and the amounts liquidated and fixed by contract. Code, §4133.

So the judgment dismissing these warrants is erroneous, and must be reversed.

Judgment reversed.