## McDougal *vs.* Sanders.

Distress Warrant, from Hart.    Landlord and Tenant.    Liens.    Distress Warrant.
(Before Judge Lumpkin.)

Hall, J.—If a landlord seeks to enforce by foreclosure a special lien on the crop grown on the rented premises, it is necessary to allege a demand and refusal to pay the rent; but where a landlord merely proceeds to acquire a general lien by the issuance and levy of a distress warrant on any property belonging to the defendant, such an averment is not necessary. Code, §§1977, 1991, 2285, 2286, 4082.

(a)	An affidavit to obtain a distress warrant alleged the indebtedness for the rent of the premises; that it was to be paid in cotton; that cotton was made on the land in the year for which the rent accrued and on which the defendant lived in that year; and that the sum agreed to be paid "is now due." The warrant commanded the officer executing it "to levy on and sell, as provided by law, a sufficiency of the property" of the defendant to make the sum claimed, together with costs. The levy was upon seed cotton gathered and cotton and corn in the field cultivated that year by the defendant, all seized as his property:

Held, that this was a proceeding to enforce a general lien on the defendants property and not to enforce a landlords special lien on the crops raised that year; and it should not have been dismissed for want of an averment of demand and refusal to pay. 65 Ga., 739; Code, §1977; 55 Ga., 655; 57 Id., 31.

(a)	It does not follow from §1977 of the Code that one having, as a landlord, a right to rent, which may be either a special or a general lien, is obliged to adopt the remedy for the enforcement of the former in preference to that given to enforce the latter, or that, where he has

two demands for rent, one a special and the other a general lien, he may not include and enforce both in one distress warrant. He is not compelled, but has the option, to do so.

(b) The case of Lathrop & Co , *vs.* Clewis, 63 Ga., 282, is not analogous to the present case.

Judgment reversed.

John H. Skelton; John P. Shannon, for plaintff in error.

McCurry & Proffit, by brief, for defendant.

