HENDERSON, trustee, *vs.* ZACHRY & OVERBY.

1. On August 29, 1873, an owner of land executed to another, as trustee for the wife of the maker, a deed of gift to certain lands for the sole and separate use of his wife for life, and after her death to such children as she might leave living at the time thereof, share and share alike, with power, in writing, to authorize the trustee to sell any part, or the whole, of the trust estate and to reinvest the proceeds, and also with power in her to appoint another trustee in case of the death of the trustee named, or his removal from the State. The husband and wife continued in the occupation and possession of the land, and in 1885 rented it to tenants. The trustee had nothing to do with the making of the contracts, but through an agent made arrangements to supply the tenants with provisions and fertilizers, and they carried to the agent the rent cotton, or its value, which he applied to the payment of the

amount due for supplies and guano. One of the tenants delivered to this agent the crops, except one bale of cotton, which he delivered to the husband of the life usee. This cotton, together with certain corn, fodder, cotton-seed, and seed cotton in the field, was levied on under a *fi. fa.* against the wife, and a claim was interposed by the trustee:

*Held* that, whether the trust was executed or executory, so long as the trustee allowed the wife to occupy and possess the land and to make contracts for the rent thereof, she was entitled to the rents, and the crops levied on belonged to her as the landlord, and not to the trustee.

2. Where an execution issued on December 20, 1879, was made returnable " to the next regular term said in January, 1880," though some of the words of this direction were omitted by clerical error, there was enough to show that the execution was returnable in January, 1880; and the time and place for holding the next regular term of the justice's court to which it was returnable, being fixed in accordance with the constitution, the levying officer knew the time and place to which the *fi. fa.* was returnable. Therefore there was no error in refusing to reject the execution from evidence on the ground that it was not made returnable to any court.

January 13, 1888.

Trusts and trustees. Landlord and tenant. Title. Practice in Supreme Court. Executions. Levy and sale. Before Judge BOYNTON. Rockdale superior court. February adjourned term, 1887.

Reported in the decision.

G. W. GLEATON and A. M. HELMS, for plaintiff in error.

A. C. McCALLA and J. N. GLENN, *contra.*

SIMMONS, Justice.

On the 29th of August, 1873, B. F. Carr made and executed to J. T. Henderson, as trustee for Mary E. Carr, a deed of gift to certain lands therein described, for the sole and separate use of the said Mary E. Carr, wife of the said B. F. Carr; for and during her natural life, and after her death to such children as she might leave living at the time of her death, share and share alike, with power to

said Mary E. Carr to empower the trustee, by writing, to sell any part, or the whole, of said trust estate, and to re-invest the proceeds, and with the power to appoint another trustee in case of the death of said Henderson, or his removal from the State.

Mary E. Carr and her husband continued in the occupation and possession of said land, and in the year 1885, rented the same to W. F. Wilson and to one Dozier. Helms was the agent of Henderson, the trustee, to procure supplies and fertilizers for the tenants. The tenants carried him the rent cotton, or the value of it, and he applied the same to the payment of the supplies and guano. Wilson testified that he delivered the crops to Mr. Helms, all except one bale of cotton, which he delivered to Judge Carr, the husband of Mary E. Carr. This bale of cotton, and a certain number of bushels of corn, a certain quantity of fodder, cotton-seed and seed cotton in the field, were levied on by a *fi. fa.* obtained by Zachry & Overby against Mary E. Carr. A claim was filed by Henderson, trustee, who claimed it as his property as trustee, and not the property of Mrs. Carr. Upon the trial of the claim, the jury, under the charge of the court, found the property subject. A motion was made for a new trial on the several grounds therein, which was overruled by the court, and the claimant excepted.

1. The view we take of this case renders it unnecessary to decide the question of whether this is an executed or an executory trust. It appears from the record that Mrs. Carr occupied the lands. She made rent contracts with tenants. Henderson, the trustee, had nothing to do with the making of such contracts. The only thing, as appears from the record, that Henderson did about the matter was, to make arrangements through Mr. Helms, his agent, to supply the tenants with provisions and fertilizers. Mrs. Carr acted as landlord, and was the landlord in the renting of the land to the tenants. The bale of cotton levied on was actually delivered to her, or her husband,

Henderson, trustee, *vs.* Zachry & Overby.

by one of the tenants.  The rent of the land was due her as the landlord.  She being the landlord and making the rent contracts, it does not matter, in our opinion, whether the trust was executed or executory; she was entitled to the rents as long as the trustee allowed her to occupy and possess the land, and to make contracts for the rent thereof.  This being so, the crops did not belong to Henderson as trustee, but to Mrs. Carr, the landlord, who made the rent contracts.

It was argued here that it would be a great hardship to allow these judgments against Mrs. Carr to come in and take the proceeds of the land before the expenses of making the crop were paid.  We have looked through this record carefully and do not find that the question was made in the court below.  There were no pleadings nor evidence setting up or going to show that the expenses of raising the crop had not been paid, or that Henderson or Helms, his agent, who made the arrangement for supplies and fertilizers, had not received a sufficiency to pay for the supplies and fertilizers; but on the contrary, Mr. Helms, the agent of Henderson, testified that the rent was paid to him and he applied it in payment of these expenses, and paid over a part thereof to Mrs. Carr.  Mrs. Carr, being in possession of the land and making the contracts for the rent thereof, was, we think, the landlord, and was entitled to her part of the crops made on said farm; and the court did not err, under this state of facts, in charging the jury that if this property was raised on the plantation of Mrs. Carr, they would be authorized to find it subject.

2. The claimant complains, in the 5th ground of the motion, that " the court erred in admitting the execution as evidence, the same not being made returnable to any court, as required by law."  We do not think this exception is well-taken.  The execution was issued on the 20th of December, 1879, and was made returnable " to the next regular term said in January, 1880"; " of " before " said,", and " court " after " said," being omitted.  It would read,

supplying these words, " to the next regular term of said court in January, 1880." As it stands, we think it is sufficient; being issued in December, 1879, and made returnable in January, 1880. The omission of these words is plainly a clerical error. This *fi. fa.* was made returnable to the next regular term in January, and the constitution requires justice's courts to be held at fixed times and places. The term of this court in January had been fixed; the levying officer therefore knew the time and place to which the *fi. fa.* was returnable; and we think that was sufficient. *McCray vs. Samuel,* 65 *Ga.* 739, and citations.

Judgment affirmed.