## McDougal *vs.* Sanders.

If a landlord seeks to enforce by foreclosure a special lien on the crop grown on the rented premises, it is necessary to allege a demand and refusal to pay the rent; but where a landlord merely proceeds to acquire a general lien by the issuance and levy of a distress warrant on any property belonging to the defendant, such an averment is not necessary.

(*a.*) An affidavit to obtain a distress warrant alleged the indebtedness for the rent of the premises; that it was to be paid in cotton; that cotton was made on the land in the year for which the rent accrued and on which the defendant lived in that year; and that the sum agreed to be paid "is now due." The warrant commanded the officer executing it " to levy on and sell, as provided by law, a sufficiency of the property" of the defendant to make the sum claimed, together with costs. The levy was upon seed cotton gathered and cotton and corn in the field cultivated that year by the defendant, all seized as his property:

*Held*, that this was a proceeding to enforce a general lien on the defendant's property, and not to enforce landlord's special lien on the crops raised that year; and it should not have been dismissed for want of an averment of demand and refusal to pay.

(*b.*) It does not follow from §1977 of the Code that one having, as a landlord, a right to rent, which may be either a special or a general lien, is obliged to adopt the remedy for the enforcement of the former in preference to that given to enforce the latter, or that, where he has two demands for rent, one a special and the other a general lien, he may not include and enforce both in one distress warrant. He is not compelled, but has the option, to do so.

(*c.*) The case of *Lathrop & Co. vs. Clewis*, 63 *Ga.*, 282, is not analogous to the present case.

February 9, 1856.

Landlord and Tenant. Liens. Distress Warrant. Before Judge LUMPKIN. Hart Superior Court. March Term, 1885

McDougal made an affidavit to obtain a distress warrant against Sanders, stating as follows:

" T. H. Sanders, his tenant, of said county, is indebted to him five bales of good middling cotton, each bale weighing 400 pounds, in all making 2,000 pounds of lint cotton, worth the sum of about two hunhundred dollars, for rent, which the said T. H. Sanders, made on the land of the said Thos. E. McDougal, and whereon the said land the said T. H. Sanders lives, for the year 1882, which sum is now due."

The warrant issued thereon commanded the levying officer to levy on a sufficiency of the property of the defendant to make the money. The levy was on certain seed cotton and on certain cotton and corn in the field cultivated that year by the defendant.

It was admitted that the cotton and corn levied on were

raised in 1882, and were part of the crop of that year made by the defendant on land rented that year from the plaintiff, and that the distress warrant was proceeding to collect the rent for that year. The court thereupon dismissed the warrant, on the ground that no demand and refusal to pay the rent was stated in the affidavit or warrant. The plaintiff excepted.

JOHN H. SKELTON; JOHN P. SHANNON, for plaintiff in error.

McCURRY & PROFFITT, by brief, for defendant.

HALL, Justice.

If this be a proceeding to enforce the special lien of the landlord upon the crop of the tenant raised on the land rented, then the court was right in holding that a previous demand on the defendant for payment of the sum alleged to be due, and a refusal on his part to pay was essential to the assertion and enforcement of such lien and in dismissing the warrant because of a failure to aver the demand and refusal to pay; but if, on the contrary, it was an ordinary distress warrant to collect rent out of the property of the defendant, then no averment of a demand for payment and a refusal thereof was necessary, and there was error in dismissing the proceeding for want of such an averment. The question to be resolved, then, is whether this was a proceeding to enforce a special lien upon the crop grown on the rented premises, or one to acquire a lien by the levy of the distress warrant upon any property belonging to defendant which attached only from the date of the levy. It is conceded by the plaintiff in error that this is not valid as a proceeding to enforce a special lien of the landlord, and it is insisted that such was not its object, but that it is good as a distress warrant to acquire a lien upon such of the property of the defendant as might be levied on, and which took effect only from the date of

the levy; that this proceeding was not had under §§1977 and 1991, but under §§2285, 2286 and 4082 of the Code.

An inspection of the record will determine the character of this proceding. The affidavit for the warrant, after alleging indebtedness for the rent of the premises, and the mode in which it was to be paid—viz., in cotton—and that cotton was made on the land in the year for which the rent accrued, and on which the defendant lived in that year, states that the sum agreed to be paid " is now due." The warrant commands the officer executing it " to levy on and sell, as provided by law, a sufficiency of the property " of the defendant to make the sum claimed, together with costs, and to have the same before the superior court, etc. The levy is upon seed cotton gathered and corn and cotton in the field cultivated that year by the defendant, and all seized as his property. There is nothing in the testimony or in the facts admitted inconsistent with what appears from the foregoing recitals.

Whatever may have been privately intended, it is perfectly clear that this warrant, and the affidavit on which it was founded, makes no case for the enforcement of the special lien of the landlord upon the crop raised on the land rented by the tenant; besides, failing to aver a demand and refusal of payment, as provided in section 1991, sub-sec 1 of the Code, it does not state that crops on the rented land had matured, or make the other equivalent statement that it had been otherwise agreed on as to the time from which such special lien should date, as required by the preceding section (1977) of the Code. It does not follow from this latter secton that the party having, as landlord, a right to rent, which may be either a special or a general lien, is obliged to adopt the remedy for the enforcement of the former in preference to that given to enforce the latter, or that, where he has two demands for rent, one a special and the other a general lien, he may not include and enforce both in one distress warrant; he is not compelled, although he has the option, to do so, as

was expressly ruled in *McCray vs. Samuel*, 65 *Ga.*, 739; indeed, the authority to enforce both by the same process is expressly provided for by the last recited section of the Code (1977). The cases of *Buffington vs. Hilley*, 55 *Ga.*, 655, and *Hill vs. Reeves*, 57 *Ib.*, 31, decide that, except in cases of special liens for rent on crops made on the land rented, a landlord may distrain without a previous demand and refusal to pay, and without the allegation thereof in his affidavit. *Lathrop & Co. vs. Clewis*, 63 *Ga.*, 282, is not in point, nor is at all analogous to the case at bar; that was an attempt by the assignee of a contract for rent to collect it by a distress warrant. The contract reserved no lien, and none had accrued by operation of law which could be assigned when the contract was thus transferred, and the decision was to the effect that the lien was not assigned under the statute, and consequently that the relation of landlord and tenant did not exist between the plaintiffs and defendant, which was indispensable to the power to distrain. If the lien had been properly assigned under the statute so as to create that relation, it was stated that a case would exist where the party would be compelled to resort to his special lien, and in that event a demand and refusal would be necessary before the warrant could issue. We have no facts in this record making such a case. This was a distress warrant issued to acquire and perfect the lien by levy on the defendant's property, and no previous demand for the rent and refusal to pay was essential to its validity, and the court erred in so holding and in dismissing it on that ground.

Judgment reversed.