ZORN <em>v.</em> THOMPSON <em>et al.</em>

Where in fact a conveyance of land has been made by a husband to his wife but not recorded, and subsequently a purchaser takes from the former a deed conveying the same land, in which it is recited that "this deed is made in consideration of debts secured by liens on the above-described land, of older date than any conveyance the [grantor] may have made to his wife," and where it also appears that the purchaser concurrently received from the wife her deed conveying the same land to him, naming an agreed consideration, and reciting that it was made to enable her husband to convey the land in settlement of debts due by her husband to the purchaser and another, which were secured by liens on the land "of older date than the deed made to" the wife by the husband : <em>Held,</em> that the purchaser was charged with notice of the prior conveyance to the wife ; that when the agreed purchase-price exceeded the amount of the prior liens on her land, the wife was entitled to receive the difference as part purchase-money of her land ; and that her conveyance which extinguished liens on the land antedating her title was valid; but that she could recover the amount of such difference from the purchaser, although by agreement with the husband it had been appropriated to the settlement of a judgment against the latter in favor of the purchaser, for which, in her hands, the land was not bound.

Argued May 5, — Decided July 19, 1899.

Complaint. Before Judge Reagan. Upson superior court. November term, 1898.

<em>Allen & Tisinger</em>, for plaintiff.
<em>E. W. Martin</em> and <em>M. H. Sandwich</em>, for defendants.

LITTLE, J. This being the first grant of a new trial, the action of the court below will not be disturbed unless the verdict rendered was required by the law and facts. The plaintiff, Mrs. A. M. Zorn, contends that such was the case, and, after a careful examination of the record, it seems to us that the contention is sound. Mrs. Zorn claims that the defendants, I. C. Thompson and the executors of A. J. Cheney, are indebted to her in a given amount, as the balance of purchase-money for

certain lands.   The defendants deny this claim, and assert that Thompson and Cheney did not purchase the land from Mrs. Zorn, but that they purchased it from J. C. Zorn Sr., her husband, and that in compliance with the contract with him they fully paid the purchase-money.   Mrs. Zorn alleges in her petition that the land purchased belonged to her, that she held title to the same, subject to two liens, those of Fling and Cheney, which had been created by her grantor prior to his deed of conveyance to her.   This assertion of title, made in the petition, is not expressly denied by the defendants.   They say they can neither admit nor deny such allegation of title, for the want of sufficient information, and ask that the petitioner be put on strict proof of the same.   They also say, if such allegations are true, that neither of the purchasers had any knowledge of the same.   The answer further avers that the land was purchased · from Zorn Sr. by Thompson and Cheney, and was understood by them to be his property, and the purchase-price was paid to him as agreed.   It denies that petitioner had any interest in the land superior to the claims against Zorn which the purchasers agreed to cancel, but says that if she did have any interest in the same it was unknown to the purchasers.   So that, as the pleadings stand, the assertion of title in the plaintiff at the time the land was sold, while not admitted, is not denied, but petitioner is put on proof by the answer; and if the assertion is shown to be true, the defendants aver that the title derived by the purchasers under their deed from the husband is good, because they contracted with and bought from Zorn, whom they understood to be the owner and had the right to sell, and there was no conveyance of record which showed title out of Zorn, nor in Mrs. Zorn.   The question as to how Thompson and Cheney acquired title to the land becomes material because of the principle that the owner, when his property is sold, is generally entitled to have the purchase-money.

Legal title to land is evidenced by writing (Civil Code, § 2693, par. 4), but record of such writing does not necessarily affect the title.   Registry does not give character to a paper; it is simply notice of what the paper is and what it affects.

*Hester* v. *Young*, 2 *Ga.* 43. The danger of a failure to record a deed is the exposure of it to defeat by a subsequent vendee without notice of the prior purchase; and inasmuch as it is admitted that title was originally in Zorn, the only effect of the failure to record the deed made by him to Mrs. Zorn was to expose it to defeat by a subsequent purchaser from Zorn, whose deed has been duly recorded (Civil Code, § 3618), without notice of the prior deed to Mrs. Zorn. But the doctrine of want of notice of a prior unrecorded deed can only be successfully set up by a subsequent bona fide purchaser. *New South Building & Loan Association* v. *Gann*, 101 *Ga.* 678. While the defendants insist that Thompson and Cheney purchased from Zorn, believing him to be the owner, and that they had no notice of the prior unrecorded conveyance by Zorn to Mrs. Zorn, it will be found by reference to the deed from Zorn to Thompson and Cheney that it contains the following recital: "This deed is made in consideration of debts secured by liens on the above-described lands, of older date than any conveyance the said John C. Zorn Sr. may have made to his wife, Mrs. A. M. Zorn." So that, in the deed under which they claim, the defendants in error are put upon notice of a prior conveyance having been made by the grantor to the petitioner. But, more than that, the deed from Zorn is dated December 23, 1892, and it appears that on the 20th day of December of the same year the petitioner herself made to Thompson and Cheney a deed without warranty, which was recorded December 30, 1892, for a named consideration, conveying to Thompson and Cheney the lands subsequently conveyed to them by Zorn. So that, not only were they chargeable with notice of a prior deed having been made by their grantor, but they held, as a part of their chain of title, a deed of conveyance executed by the petitioner prior in date to the deed of Zorn; and the defendants must be held to have taken title from Zorn with notice of a prior conveyance of the same land to the petitioner. The legal effect of such notice is that the defendants in error took subject to the prior title of Mrs. Zorn; and this is true whether the deed from Mrs. Zorn was executed prior to the deed of Zorn, as would seem from its date, or concurrently therewith, as tes-

tified to by some of the witnesses. The deed executed by Mrs. Zorn purports to convey the land for a consideration of seven thousand dollars. According to its terms, the conveyance was made to enable J. C. Zorn, the husband of the grantor, to sell such land to Cheney and Thompson in payment of certain debts of her husband. While this was the expressed purpose of its execution, it must be true that if Mrs. Zorn was competent in law to divest herself of title, the effect of the conveyance was to put her title in Thompson and Cheney. If there was no other consideration than that of enabling her husband to sell the land for the purpose of enabling him to pay his debts by a conveyance to his creditors, such conveyance under our statute would be void, and would not operate to pass title from the petitioner; and in that event Thompson and Cheney would, of course, have taken no title. But the stipulation made in the conveyance of Mrs. Zorn can not, in any legal sense, be held to be a provision for the payment of the debts of her husband. See *Blalock* v. *Newhill*, 78 *Ga.* 245. At the time she received title to the land, there were liens created by her grantor on the property conveyed, and which the holders could assert against the land in her hands. When, therefore, she conveyed the land to Thompson and Cheney for the purpose of settling such debt as was held by Cheney against her husband, which was secured by mortgage of prior date to the conveyance to her, and the claim of Fling which was secured by the absolute title, she was, in effect, getting the full benefit of the conveyance made to her by her husband. Under that conveyance, the most that she could take was the land subject to these incumbrances. She could have conveyed the land subject to such in the hands of the purchaser, and she could also convey it for a given consideration, with the stipulation that the purchaser should pay the debts to secure which liens existed on the land. Such a conveyance will be held legal as made for the purpose of benefiting her own estate.

So, then, construing the various deeds of conveyance which constitute the title by which defendants hold, we find the title in Mrs. Zorn at the time Thompson and Cheney purchased from Zorn, that they had legal notice of the deed which

put title in her, at the time they contracted with him, that they took the conveyance from Zorn subject to the right of Mrs. Zorn to enforce her own title, and finally by legal purchase they acquired her title; and the question which remains is, whether they have paid her for the same. This, of course, is a question of fact; and while there is much conflict in the evidence as to how the purchasers were to pay Zorn for the land, we can not see how the contentions of the defendants in error in this regard, if established, would relieve them from liability to her. The difference between the parties on this subject may be thus summarized: According to the testimony of the plaintiff, so much of the price agreed to be paid, seven thousand dollars, was to be devoted to removal of the liens existing on the land, namely, the debts to Fling and A. J. Cheney. If this be true, then there would remain a balance of the purchase-money, equal to the difference between these debts and the purchase-price; and this view seems to be borne out by recitals in the deed made by Mrs. Zorn, and even that made by J. C. Zorn Sr. to Cheney and Thompson. In the deed of the former the recited consideration was seven thousand dollars, and it purported to have been made to enable Zorn to sell the lands in settlement of debts held by Cheney and Fling. In the deed from Zorn to Thompson and Cheney the consideration expressed is, the debts secured by liens on the land conveyed, which debts the purchaser agrees to pay off and discharge, and are those due to Cheney and Fling. The contention of the defendants in error is, that the consideration to be paid by the purchasers was not only the debts due Cheney and Fling, but, in addition thereto, a common-law judgment which had been obtained by Cheney against Zorn subsequently to the conveyance of the land by Zorn to his wife. There is no conflict in the evidence that the amount agreed to be paid was seven thousand dollars; and if our construction of the contractual relations between the parties is correct, that is to say, if Thompson and Cheney took the deed from Zorn with notice of the prior title of Mrs. Zorn, then they got no title, and by accepting the conveyance from Mrs. Zorn they are in law to be regarded as purchasers from her, and the contentions of the

defendants can avail nothing; for, while Mrs. Zorn had the legal right to sell the property and contract with the purchasers that they should pay the debts which were secured by liens on her land, she could make no valid contract by which any part of the purchase-money should, by the purchasers or either of them, be devoted to the payment of a claim held by one of such purchasers against her husband, for which her land was not bound; and if such appropriation was made, with or without an agreement with her husband, and if it was done even by an agreement with her, it is nevertheless her right to recover the amount so paid. Neither the fact that title was originally in Zorn, nor the validity of the deed conveying the land to her, is questioned in the present proceeding; and the deed to Mrs. Zorn being prior in date to the deed made by Zorn to Thompson and Cheney, title was vested in her, and, as we have seen, Thompson and Cheney being charged in law with notice of her deed, they acquired no valid title except through her, and to her they owe the purchase-money, notwithstanding the agreement with Zorn, if any such was made, that it was to be settled differently. Confessedly, the difference between the amount secured by liens and the purchase-price agreed on has never been paid except by the common-law fi. fa. in favor of Cheney against Zorn. This not being a payment to which Mrs. Zorn can be held, it follows that that amount of the purchase-money remains unpaid. We think it is her clear right, under such of the facts as are contained in the record and about which there is no contest, to have a verdict. Such a verdict was found, and should not have been set aside. An examination of the record fails to show there was any error in admitting evidence, and, as against the defendants in the court below, there was no error in the charges to the jury, of which complaint is made. The court erred in granting a new trial.

*Judgment reversed. All the Justices concurring.*