## STUBBS *et al. v.* GLASS.

1. Where one by a voluntary deed conveyed to another a life-estate in land, with remainder to the children of the first taker, and subsequently the tenant for life executed a warranty deed conveying in fee simple the same land to another, and the grantor first referred to executed also to the purchaser from the life-tenant an instrument reciting the execution of the voluntary conveyance first referred to, relinquishing "all right and titles to said claim whatever to [the purchaser], his heirs and assigns, forever in fee simple," the purchaser relying upon the instrument just recited as the deed from the life-tenant, as constituting his muniment of title, did not obtain a title which would prevail in his favor, or that of his successors in title, over the rights of the remaindermen asserted upon the death of the life-tenant. The deed executed by the life-tenant could not convey in any event more than a life-estate, and the written instrument which the purchaser referred to took from the first grantor charged the purchaser with notice of the existence of the former volun-tary conveyance.

2. The defendant, being a successor in title, through intermediate convey-ances, to the purchaser referred to in the preceding headnote, did not show paper title as against the remaindermen, the plaintiffs in this

action, who upon the death of the life-tenant asserted in themselves title to the land conveyed in the deed first referred to above.

3. The evidence was not of such a character as authorized the court to direct a verdict upon the theory that the defendant had a prescriptive title to the land.

JANUARY 18, 1915.

Complaint for land. Before Judge Daniel. Fayette superior court. December 19, 1913.

James Stubbs and others sued to recover land, alleging that they were children and grandchildren of Mrs. Barbara E. Stubbs; and that they were the remaindermen, and Mrs. Barbara E. Stubbs was the life-tenant, under a deed from Mrs. Rachel Blalock, conveying this land. The defendant set up title in herself, derived through a deed of Mrs. Blalock (of a date later than that of the one just mentioned), and a deed by Barbara E. Stubbs, to one of the defendant's predecessors in title. She also contended that she had a good prescriptive title. After hearing the evidence, counsel for the opposing sides agreed that a verdict should be directed by the court, each contending that it should be directed in his favor. The court directed a verdict for the defendant, and the plaintiffs excepted.

*J. W. Culpepper* and *Daley & Chambers,* for plaintiffs.

*W. B. Hollingsworth, J. W. Wise,* and *E. J. Reagan,* for defendants.

BECK, J. (After stating the foregoing facts.) We are of the opinion that the court erred in directing a verdict for the defendant. The plaintiffs showed that their ancestor, Barbara E. Stubbs, had title to the land under a deed from Rachel Blalock. This deed, executed on January 24, 1866, and recorded on the same day, conveyed a life interest to Barbara E. Stubbs, with remainder to her children, the grantor reserving the use and possession of the land during her life. There is no dispute that this deed was sufficient to vest the grantee with a life-estate in the property conveyed. The defendant derived title from a deed executed on September 12, 1871, by Barbara E. Stubbs to Thompson Nash, conveying the same property, and an instrument in writing executed by Rachel Blalock, which recites that she, having previously made a deed of gift to the land in controversy, and having in said deed reserved the right to control and use said land during her natural life, "I, Rachel Blalock, do by these presents and in the presence of the witnesses relinquish all right and titles to said claim whatever to

said Thompson Nash, his heirs and assigns, forever in fee simple." The defendant contends that this last written instrument executed by Rachel Blalock, taken in connection with the deed from Barbara E. Stubbs to Thompson Nash, was a deed of conveyance; that these conveyances were for a valuable consideration, while the prior deed of Rachel Blalock to Barbara Stubbs was a voluntary deed; and therefore that the defendant's title will prevail over the rights of the plaintiffs, who claim under a voluntary deed, as the defendant took without actual notice of the voluntary deed. This contention is not sound. Mrs. Stubbs's deed to Nash could only convey such interest as she had (her estate for life), and if the instrument recited above, which the defendant insists operates as a deed from Rachel Blalock, be treated as such, it contains on its face notice of the prior conveyance executed to Barbara Stubbs, and a party taking such an instrument took it charged with notice of the prior conveyance and subject thereto, conceding that it was voluntary in character. The defendant claims title under a series of conveyances from Thompson Nash and his successors in title; but none of these successors in title had a better title than Thompson Nash, and the defendant, relatively to these plaintiffs, occupied no better position than Thompson Nash and the intermediate grantors between him and the defendant; and when Mrs. Barbara Stubbs died in 1910, the plaintiffs had their right of action to recover the land in controversy. In her answer the defendant set up a prescriptive title. So far as relates to this claim, it is only necessary to say that the evidence did not authorize the court to direct a verdict for the defendant. Indeed, it is not insisted in the brief of counsel for defendant in error that the evidence showed a prescriptive title in their client. Their contention is solely that the case turned upon competition between a deed executed upon a valuable consideration and a prior voluntary conveyance, of which the first taker under the conveyance for value did not have actual notice. But, as we have seen above, that contention is without support in the evidence.

In the motion for a new trial there are numerous grounds complaining of the admission of evidence; but the assignments of error in these grounds raise no question for determination here, as they fail either to show what objection was urged at the time the evidence was introduced, or to set out the evidence introduced, literally

or in substance, so that this court could judge of its materiality. The judgment is reversed upon the ground that the judge erred in directing a verdict for the defendant.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*