## HITCHCOCK *v.* HINES, administrator.

Where one executes a voluntary conveyance to another, conveying to such other a life-estate in land, with remainder to another person, and subsequently to the execution and delivery of that deed makes another deed to the life-tenant named in the first deed, and recites in the second deed that the former deed is revoked and annulled, such recital of revocation is not effective to destroy the rights of the remaindermen under the first deed; nor are the rights of the remaindermen affected by any recital of the reasons for the attempted revocation. And the vendees of the grantee in the last deed, which recites the execution of the former voluntary deed, who rely on such deed as a muniment of title, are charged with notice of the existence of the first deed, and take no larger estate than that of the grantee of the life-estate named therein.

APRIL 17, 1915.

Ejectment. Before Judge Park. Baldwin superior court. July 14, 1914.

E. R. Hines, as administrator of the estate of Milanda Parker, brought ejectment against Goodwin Hitchcock. When the case was called for trial counsel for both parties consented that the judge presiding should decide the issues involved and render judgment, without the intervention of a jury, on an agreed statement of facts. So far as material, the agreed statement of facts was as follows: For the plaintiff: Deed from Pleas Taylor to Georgia Sanford, Meminger McComb, and Miranda Parker, dated October 11, 1872, and recorded. Death of Pleas Taylor on May 24, 1896. Death of Georgia Sanford on February    , 1912. Death of Meminger McComb prior to that of Georgia Sanford. Administration of E. R. Hines upon the estate of Miranda Parker. Georgia Sanford was occupying the house and land in 1866, and remained upon the same until her death; the nature of her occupancy left to the construction of the court, being unknown to parties, occupancy alone being admitted. Date of death of Miranda Parker unknown. Neither Jack Lee nor Goodwin Hitchcock had seen any deed to Georgia Sanford, conveying the land to her, prior to her death. For the defendant: Deed from Pleas Taylor to Georgia Sanford, dated March 4, 1890, and recorded. Deed from Georgia Sanford to Jack Lee, dated February 17, 1908, and recorded. Deed from Jack Lee to Goodwin Hitchcock, dated October 4, 1913, and recorded. No notice, except that which may be inferred from the recital in the deed from Pleas Taylor to Georgia Sanford, dated March 4, 1890, of the first deed from Pleas Taylor to Georgia Sanford, Meminger

McComb, and Miranda Parker, to either of the grantees, Lee or Hitchcock, in the last-mentioned deeds. It is admitted that the last two deeds were for a valuable consideration, and that Jack Lee went into possession after the death of Georgia Sanford under the deed executed to him by Georgia Sanford. Goodwin Hitchcock took possession immediately upon the execution of the deed to him from Jack Lee, without any notice of the former deeds. The deed from Pleas Taylor to Georgia Sanford, Meminger McComb, and Miranda Parker, dated October 11, 1872, already referred to, was a voluntary conveyance, in which the grantor reserved a life-estate to himself for the term of his own natural life, and conveyed, with that reservation, a life-estate to Georgia Sanford, with remainder to her son, Meminger McComb, if he should survive his mother, for the term of his life, with remainder over in fee to Miranda Parker. The deed from Pleas Taylor to Georgia Sanford, dated March 4, 1890, contained the following recitals: "Whereas on the 11th of Oct., 1872, I, Pleasant T. Taylor, did make to Georgia Ann Sanford and others therein named a deed of gift of the hereinafter described property for her life, with remainder for his life to her son Meminger McComb, with remainder over to Mrs. Robert Parker, of Pitt Co., North Carolina, in fee; and whereas there was no consideration at all for this last remainder; and whereas this whole scheme of settlement was intended only to defeat the contingent claims of certain parties thereto; and whereas the said granted property was really the property of said Georgia Ann Sanford, having been paid for by her out of her own money, to wit, four hundred dollars in gold to me paid. Therefore I, P. T. Taylor, do hereby, with the consent of Georgia Ann Sanford first obtained, revoke and annul said deed of gift and do by these presents give, grant, bargain, sell, and convey to said Georgia Ann Sanford in fee simple all that tract of land," etc., (describing the property in controversy). The deed from Georgia Sanford to Jack Lee, purported to convey for a valuable consideration the land in controversy. The deed from Jack Lee to Goodwin Hitchcock purported to convey for a valuable consideration the same property. It was adjudged by the court that the plaintiff was entitled to recover, and error is assigned upon this judgment.

*W. F. Jenkins* and *D. S. Sanford,* for plaintiff in error.
*Sibley & Sibley,* contra.

BECK, J. (After stating the foregoing facts.) We are of the opinion that the judgment complained of was the necessary result of the evidence submitted. The plaintiff in error contends that as he was a purchaser for value he obtained a title superior to that of the remaindermen under the first deed executed by Pleas Taylor, dated October 11, 1872. His contention is not sound. He derives title through the deed of March 4, 1890, from Pleas Taylor to Georgia Sanford, and is chargeable with notice of whatever recitals are contained in that deed affecting his title. The recitals in the deed last mentioned, to the effect that the first deed from Pleas Taylor to Georgia Sanford was a part of a scheme to defeat certain claims, etc., and that the property conveyed was really the property of Georgia Sanford, and that the former deed of Pleas Taylor was revoked, could not affect the rights of the parties under the first deed which the second deed purported to revoke and annul. See *Howard* v. *Snelling,* 32 *Ga.* 195. The second deed from Taylor to Georgia Sanford did not enlarge the estate of the latter beyond the terms of the first deed between these two parties, and the grantee in the deed from Georgia Sanford took no larger estate than that with which she was vested.

What we have said above rules the controlling issue in this case. A question very similar to the one involved here was recently decided by this court in the case of *Stubbs* v. *Glass,* 143 *Ga.* 56 (84 S. E. 126).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*