,     STANLEY *et al. v.* REEVES, administratrix, *et al.*

1. The contention that the suit is barred by the statute of limitations is without merit.

2. Under the facts of the case the petition was not barred on the ground of laches.

3. The deed upon which plaintiffs base their claim conveyed a life-estate to Mrs. Stephens, the first taker, with remainder to her children. One of her children, who was in life when the deed was executed, having predeceased her, leaving children, these children took a vested remainder, and, being minors, are not barred by the statute of limitations; and their demand not being stale, the petition set out a cause of action. The judgment of the court dismissing the same on general demurrer was erroneous.

No. 1252. MAY 15, 1919.

Equitable petition. Before Judge Searcy. Upson superior court. November 9, 1918.

In 1864 William T. Garland willed his entire estate "to be the property in absolute fee simple" of his wife, Sarah A. Garland, and four named children, to be equally divided in kind among them upon the youngest child becoming of age, marriage of the widow, or

upon marriage of any of the children before attaining majority, proper allotment to be made by the wife to such child. Sarah A. Garland and William T. Garland Jr., one of the children, were appointed to execute the will. In 1873 William T. and Sarah A. Garland individually conveyed by deed to Melvina C. E. Stephens (formerly Melvina C. E. Garland, one of the children above named) during her life, and at her death to her children, a portion of the land covered by the will above mentioned, including the south half of lot 98 in the tenth district of Upson county. It was the intention of all the parties to the deed to convey the south half of lot 97, but through accident and mistake in the identity of the two lots the number was stated in the deed as 98 instead of 97. Mrs. Stephens took possession of the south half of lot 97, instead of the south half of lot 98 as called for in the deed. This conveyance was made in order to effectuate a settlement with Mrs. Stephens of her interest in the estate of William T. Garland, she at the same time conveying her interest in the rest of the estate to W. T. Garland and making in the deed to him the mistake of conveying the south half of lot 97 instead of the south half of lot 98. He went into possession of the south half of lot 98, and his heirs are now in possession of the same.

In 1885 Mrs. Stephens sold her land to Susan D. Ward, making the same mistake in description as to lot numbers 98 and 97 that had been made in the deed to her. Susan D. Ward went into possession of the south half of lot 97. She afterwards conveyed the land to John C. Fox under a like description, the conveyance reciting that the land was the same as that conveyed by the deed from W. T. and Sarah A. Garland to Mrs. Stephens. Fox discovered the mistake in description, and on February 18, 1893, procured from Mrs. Stephens a deed reciting that "this deed is made for the purpose of correcting a mistake in a deed made by Melvina C. E. Stephens to Susan D. Ward, . . in which deed one hundred and sixty acres of the southern portion of lot of land 98 in the 10th Dist. of Upson County, Ga., is conveyed, when it should have been one hundred and sixty acres of the southern portion of lot of land No. 97, in the 10th Dist. of Upson County, Ga." By a chain of intermediate conveyances the land passed from Fox to John H. Reeves, and thence to his administratrix. Mrs. Stephens died on March 8, 1908, during Reeves's possession of the property. At the

time of the execution of the deed from W. T. and Sarah A. Garland to Mrs. Stephens she had three children, Mary Irene Stanley, William T. Stephens, and Garland Stephens. Another son was born afterward, but both he and Garland Stephens died in infancy, leaving neither wife nor children. William T. Stephens died prior to the death of his mother. He left as his sole heirs at law Bessie Stephens, Norah Stephens, and Garland Stephens, minors.

An equitable petition was brought by Mary Irene Stanley as next friend of the three minors just named, alleging in substance the above-stated facts; that plaintiffs stand ready to rectify the mistake arising from the confusion of lot numbers, and that upon the death of Mrs. Melvina Stephens they, as remaindermen under the deed from W. T. and Sarah A. Garland to Mrs. Stephens, became entitled to the possession of an undivided third interest in one hundred and sixty acres of land on the south side of land lot 97; that because of the mistake in the deed last mentioned they are unable to sue at law for the possession of the land and for recovery of mesne profits. They pray for reformation of the deed, and that they have and recover of Mrs. Leola Reeves, administratrix of the estate of John H. Reeves, possession of an undivided third interest in said 160 acres of land on the south side of land lot 97, with rents and profits from the date of Mrs. Stephens's death. Attached to the petition as exhibits are copies of the will of William T. Garland and of the deed from William T. and Sarah A. Garland to Mrs. Stephens. The petition was demurred to by Mrs. Reeves, administratrix: (a) for want of equity; (b) because the allegations do not state a case entitling petitioners to any recovery against the defendant; (c) because, if they were ever entitled to any relief, the petitioners are barred by the statute of limitations, more than seven years having elapsed since the right of action accrued; (d) because the right of action asserted is a "stale demand," more than 43 years having elapsed since the execution of the deed sought to be reformed, no legal reason being stated in the petition why the mistake has not been corrected or why the parties interested have not petitioned the court for its correction during this long period; (e) because the right of action is barred by the laches of petitioners and those under whom they claim. The demurrer was sustained and the petition dismissed, and the plaintiffs excepted.

*Little, Powell, Smith & Goldstein,* for plaintiffs.

*R. L. Berner* and *M. H. Sandwich,* for defendants.

GILBERT, J. 1. The contention that the suit is barred by the statute of limitations is without merit. William T. Stephens was one of three children of Melvina Stephens at the time of the conveyance of the land to her. The son predeceased the mother. On the death of Mrs. Stephens the remainder interest of William T. Stephens immediately vested in his children, the plaintiffs in this case. The children were minors when the suit was filed.

2. The demurrer based upon the ground that the petition undertook to set out a stale demand is also without merit. Mrs. Reeves is the only defendant demurring to the petition. She is in possession of the land, holding the same under Mrs. Stephens by successive conveyances. Mrs. Stephens in her lifetime made a second deed for the sole purpose of correcting the error in the description as it affected the predecessors in title of Mrs. Reeves; so that Mrs. Reeves has the benefit of the very reformation which these plaintiffs are undertaking to obtain in this suit. The other defendants occupying lot 98 under a deed purporting to convey lot 97 are themselves in need of the reformation, and, so far as this record discloses, are making no objection to such a judgment. Mrs. Reeves and her predecessors in title hold under Mrs. Stephens, the life-tenant, and their possession could not be disturbed until that tenancy expired. Mrs. Stephens died on March 8, 1908. The record does not show the date on which this suit was filed, but it does show that service was acknowledged on the petition on April 9, 1917. The petitioners were then minors. In so far as the petition seeks to reform the deed it is not directed against Mrs. Reeves, whose possession and claim of title is consistent with and not adverse to the reformation sought, but is against the other defendants as stated above, who do not object. "The doctrine of stale demand is a purely equitable one, and only arises whenever from the lapse of time and laches of the plaintiff it would be inequitable to allow a party to enforce his legal rights." *Ellis* v. *Smith,* 112 *Ga.* 480, 482 (37 S. E. 739). In *Pierce* v. *Middle Georgia Land Co.,* 131 *Ga.* 99 (61 S. E. 1114), it was said: "Equity follows the analogy of the law, and will not close her doors to the complaint of the true owner of land to cancel a deed constituting a cloud on his title, when the complaint is made within a less time than that in which prescription could have ripened, and where no special circumstances appear demanding an earlier application."

3. The deed, construed by itself, gives a life-estate to Mrs. Stephens and a vested remainder to her children. Following the statement of the consideration the language, "doth grant, bargain, sell, alien, and confirm unto the said Melvina Stephens during her life, and at her death to her children," clearly describes a life-estate in the first taker and remainder to the children, and that will not be reduced by the other words unless it was clearly the intention of the grantor to do it; and the following words, "her heirs or assigns," do not have this effect; for under the provision of the Civil Code, § 3660, where there are limitations over to "heirs of the body," etc., or words of similar import, they shall be held to mean children, whether the parent be dead or alive, and under such words children and the descendants of deceased children by representation take. *Ewing* v. *Shropshire, 80 Ga.* 374, 377, 378 (7 S. E. 554); *Milner* v. *Gay,* 145 *Ga.* 858 (90 S. E. 65). Of course it is a rule that every conveyance properly executed shall be construed to convey the fee unless a less estate is mentioned and limited in the conveyance; but in this deed, under the unambiguous words which we have quoted, a less estate, to wit, a life-estate, is limited. And if there is some confusion in the terms employed in the subsequent part of the deed, the limitation of the property to the children of Melvina Stephens and her children as aforesaid, or heirs, executors, administrators, and assigns, nevertheless the expression "as aforesaid" indicates that the grantor still had in mind the provisions that were expressly made in the part of the deed which we have first quoted and held to convey a life-estate to the first taker and remainder to the children. Section 4187 of the Civil Code declares: "If two clauses in a deed be utterly inconsistent, the former must prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect. Considering the whole deed together, which it is our duty to do, we do not think that any two clauses of the deed are utterly inconsistent. That part of the deed naming the parties of the second part recites that "Melvina Stephens and her children" are of the second part. This of course does not undertake to describe the quantity of estate which the mother and children respectively are to take under the deed. It merely recites that they are all grantees. The granting clause of the deed provides that the property is sold and conveyed unto "the said Mel-

vina Stephens *during her life,* and at her death to her children and her heirs and assigns." There is no necessary conflict between these two clauses. In the habendum clause the words "her, the said Melvina Stephens and her children as aforesaid," and in the warranting clause the same words, are found. As stated above, the word "aforesaid" can only refer to the granting clause which definitely fixes the respective estates. If we concede for the sake of argument that an inconsistency can be found between the granting clause and the habendum and warranty clauses, the former must prevail. We do not think, however, that there is any irreconcilable inconsistency. The decision in *Burnett* v. *Summerlin,* 110 *Ga.* 349 (35 S. E. 655), dealt with a deed not identical with that in the present case, but sufficiently like it to furnish authority for the conclusions at which we have arrived. The will attached to the petition as an exhibit does not limit the interest of Mrs. Stephens in the estate of her father. The petition alleges that the will was probated but does not allege that the deed was made by the persons designated as executors in that capacity. The deed itself shows the contrary. The petition does allege that the deed was made in settlement with Mrs. Stephens for her interest in the estate of her father and of her inheritance of that portion of her father's estate devised to a brother and sister who had died. In the deed there is no internal reference to the will for the purpose of forming a connecting link between the two instruments. It is not shown that the land conveyed by the deed to Mrs. Stephens constituted her exact share of the estate. It may be that she received and accepted a deed to a much more valuable part of the estate than she was entitled to, and that the other heirs were moved to accede to such unequal distribution in consideration of the acceptance by Mrs. Stephens of a life-estate with remainder to her children. This, of course, is a mere possibility, but it is sufficient to suggest a reason against projecting the language of the will into the deed for the purpose of ascertaining the intent of the parties to the deed and thus aiding in the construction. Mrs. Stephens accepted the land and went into possession thereof under the belief of all parties that the description in the deed referred to the land which she was accepting. She treated it so by selling and conveying it to another. She could not thereafter claim any greater estate than that provided for her in the deed. Civil Code, § 4180;

*Dixon* v. *Patterson*, 135 *Ga.* 183 (2) (69 S. E. 21); *Kytle* v. *Kytle*, 128 *Ga.* 387 (2) (57 S. E 748); *McCraw* v. *Webb*, 134 *Ga.* 579 (68 S. E. 324). This limitation would apply to all who claim under the life-tenant, since she could convey no greater title than she possessed. *Stubbs* v. *Glass*, 143 *Ga.* 56 (84 S. E. 126); *Hitchcock* v. *Hines*, 143 *Ga.* 377 (85 S. E. 119).

<div align="center">

*Judgment reversed. All the Justices concur.*