MATHIS *v.* SOLOMON *et al.*

*Anderson & Anderson,* for plaintiff in error.

*V. J. Adams* and *Edward F. Taylor,* contra.

Jenkins, Justice.   In 1923 A. S. Solomon, for "love and affection," executed to his wife, Dora Solomon, a warranty deed for life, with remainder to his heirs at law.   In 1928 this deed was recorded.   In 1926 the life-tenant and one of several remaindermen executed to B. L. Fetner a warranty deed in fee simple, which was recorded in 1927.   In 1930 Fetner executed to the defendant, Louise Jordan Mathis, a quitclaim deed, which was recorded in 1937.   Both Fetner and the defendant Mathis took their deeds for a valuable consideration, in good faith, and without any prior notice of the deed from A. S. Solomon to the life-tenant and remaindermen.   Fetner went into possession of the land under his deed from the life-tenant and the one remainderman, and so remained for more than seven years.   In 1937 the life-tenant died.  A few months later, all of the remaindermen, except the one who had joined with the widow in the deed to Fetner, brought this ejectment suit against Louise Jordan Mathis.   All of the parties claimed under A. S. Solomon as original common feoffor. The jury found for the plaintiffs on the one issue of fact, whether the deed from A. S. Solomon to the life-tenant and remaindermen had been delivered.  The judge, by agreement passing on the remaining questions which were solely matters of law, rendered a judgment for the plaintiffs, to which the defendant excepted. ·

"No forfeiture shall result from a tenant for life selling the entire interest in lands; the purchaser shall acquire only his interest." Code, § 85-609.   Under the rule long settled in this State and generally recognized in other jurisdictions, prescription does not begin to run in favor of a grantee under a deed from a life-tenant, against a remainderman who does not join in the deed, until the falling in of the life-estate by the death of the life-tenant.   This is true for the reason that until the remainderman has a right of entry and possession, he has no cause of action against such grantee. *Brinkley* v. *Bell,* 131 *Ga.* 226 (5) (62 S. E. 67) ; *Glore* v. *Scrog-*

*gins,* 124 *Ga.* 922 (3) (53 S. E. 690) ; *Bagley* v. *Kennedy,* 81 *Ga.* 721 (8 S. E. 742) ; 1 Am. Jur. 861, § 122.

(*a*) A different rule would obtain where the interest of a re-mainderman is equitable, and legal title is vested in a trustee who holds such title not only for the life-tenant but for the remainderman. In such a case prescription will begin to run in favor of third persons holding adversely to the trust estate. *Sparks* v. *Anderson,* 150 *Ga.* 58 (102 S. E. 423).

(*b*) In *Dixon* v. *Patterson,* 135 *Ga.* 183 (2, *b, c*) (69 S. E. 21), there was no writing creating a life-tenancy with remainder over, but merely an oral agreement between cotenants creating such an estate. It was there held that such a mere equity in favor of parol remaindermen, although good as an equity between the parties, would not prevail against bona fide purchasers from the person who had created a remainder only by parol.

(*c*) In *Spurlin* v. *Towns,* 146 *Ga.* 420 (1-3) (91 S. E. 479), recognition was given to the statute which declares that seven years bona fide adverse possession under written evidence of title will ripen into title by prescription ; and it was held that one suing in ejectment a person holding under such a claim could not recover except upon the strength of his own title; and that where, as in that case, the plaintiff, claiming as a remainderman, could show no title in his grantor, he was not entitled to prevail against the bona fide holder of a prescriptive title from a third person. The decision being manifestly based on the principles stated, the further reference to the prescriptive period not being tolled in favor of the plaintiff remainderman while the life-tenant lived, under the facts of that case, had no bearing upon the legal principles on which the decision was planted, and consequently amounted to nothing more than an obiter statement. But even if the statement with reference to the tolling of the statute had been relevant, it could not prevail against the many previous unanimous decisions setting forth the rule stated in paragraph 1, above.

Code § 96-205, providing that "every voluntary deed or conveyance made by any person shall be void as against subsequent bona fide purchasers for value without notice of such voluntary conveyance," while including bona fide purchasers from administrators, executors, and others who in effect sell land as agent of the grantor making the voluntary conveyance, does not include

purchasers acquiring title from other sources. *Henderson* v. *Armstrong,* 128 *Ga.* 804 (58 S. E. 624), and cit.; *Culbreath* v. *Martin,* 129 *Ga.* 280 (58 S. E. 832), and cit. Accordingly, where an original owner executes a voluntary deed to a life-tenant and remainderman, and the *life-tenant* executes a deed in fee simple to a bona fide purchaser without notice, the statute will not pass a superior title or create a superior equity in favor of such a purchaser from the life-tenant.

■ The language of the Code, § 67-2502, codifying the act of 1912 (Ga. L. 1912, p. 143), enacted in favor of bona fide purchasers from "distributees, devisees, legatees, or heirs at law, holding or apparently holding land or personal property by will or inheritance from a deceased person," can not be extended beyond its terms so as to aid a bona fide purchaser from a life-tenant as against a remainderman who does not join in the conveyance.

■ Under the preceding holdings, the judge, who by agreement passed without a jury on the questions solely of law, properly entered judgment in favor of the plaintiff remaindermen.

*Judgment affirmed. All the Justices concur.*