21599.   HENSON et al. v. BRIDGES et al., Trustees.

ARGUED APRIL 10, 1962—DECIDED MAY 16, 1962.

8

*Dann Winn, Eugene B. Brown,* for plaintiffs in error.
*Otis L. Davis,* contra.

QUILLIAN, Justice. ■ Once this court decided that the petition in the instant case set out a cause of action for injunctive relief, such ruling became the law of the case. Thereafter, the plaintiffs proved the averments of their petition by overwhelming evidence, showing title by prescription through adverse possession of over 20 years' duration, and that the defendants had acted in the manner set forth by the allegations of the petition. The sole testimony which attempted to contradict the plaintiffs' evidence as to prescriptive title was merely that the witness had seen no church meetings in the building. This did not amount to a denial of the church's exclusive, open, and notorious possession of the land for church purposes or that no meetings

or services commensurate with such occupation were not held. Moreover, the defendants did not deny, but admitted, the alleged wrongful acts as enumerated by witnesses for the plaintiffs. Hence, there being no contradictory proof tending to negate the allegations as laid and the evidence as adduced, the plaintiffs established a prima facie case, which would entitle them to a judgment.

■ Here the defendants set out a defense which, if proved, would defeat any valid holder of title by contending they were bona fide purchasers. The law requires that, in order that one qualify for the status of a bona fide purchaser for value and without notice, he must have paid the purchase price before receiving any notice of prior conflicting claims or rights. *Carter v. Pinckard*, 68 Ga. 817 (1); *Mackey v. Bowles*, 98 Ga. 730, 733, 734 (25 SE 834); *Gleaton v. Wright*, 149 Ga. 220 (1) (100 SE 72); *Ross v. Rambo*, 195 Ga. 100, 113 (23 SE2d 687).

*Code* § 37-116 provides that notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Further, one claiming title to lands is chargeable with notice of every matter which appears in his deed, and of any matters which appear on the face of any deed, decree, or other instrument forming an essential link in the chain of instruments through which he deraigns title, and of whatever matters he would have learned by any inquiry which the recitals of those instruments made it his duty to pursue. 92 CJS 241, § 330; *Harper v. Durden*, 177 Ga. 216, 227 (170 SE 45, 89 ALR 625); *Hancock v. Gumm*, 151 Ga. 667 (107 SE 872, 16 ALR 1003); *Carmichael v. C. & S. Bank*, 162 Ga. 735, 736 (3) (134 SE 771).

Hence, when the defendants plead the 1944 and 1950 deeds, hereinbefore referred to, they divested themselves of an essential ingredient prerequisite to the status of a bona fide purchaser, i.e., notice, and it became incumbent on them to show diligent inquiry such as would be pursued by prudent men or that such diligent inquiry would not have uncovered either the rights under which the church claimed the land or that such two-acre parcel did constitute a portion of the land excluded from the acreage described in their deed. *Dyal v. McLean*, 188 Ga. 229,

231 (3 SE2d 571); *Bell v. Bell,* 178 Ga. 225 (5) (172 SE 566); *Calhoun v. Ozburn,* 186 Ga. 569, 572 (198 SE 706). See also *Hall v. Turner,* 198 Ga. 763, 769 (32 SE2d 829). A thorough review of the record evinces no inquiry whatsoever by the defendants, or attempt to explain why such inquiry would have been futile. Thus it will be presumed that due inquiry would have disclosed the existent facts. *Parker v. Gortatowsky,* 127 Ga. 560, 563 (56 SE 846); *Austin v. Southern Home Bldg. &c. Assn.,* 122 Ga. 439 (50 SE 382).

Since a purchaser is conclusively charged with notice of what appears in the deed or muniments of his grantor's chain of title, regardless of whether the purchaser has actually seen or read it or has any knowledge of its contents (*Harper v. Durden,* 177 Ga. 216, 227, supra, and cases cited), the facts disclosed in the two deeds in the defendants' chain of title were sufficient to put the purchasers on inquiry, and they, in law, had notice of what a proper inquiry would have revealed. 55 Am. Jur. 1083, § 708; *Jordan v. Pollock,* 14 Ga. 145, 157; *Gordon v. Irvine,* 105 Ga. 144, 150 (31 SE 151); *Georgia R. Bank &c. Co. v. Liberty Nat. Bank &c. Co.,* 180 Ga. 4, 17 (177 SE 803); *Toms v. Knighton,* 199 Ga. 858, 862 (36 SE2d 315).

The defendants having failed to perfect their defense as bona fide purchasers for value and without notice, and the plaintiffs having established their title by prescription and the undisputed fact of the wrongful acts on the part of the defendants as to that title, constituting a prima facie case, the trial judge did not err in directing a verdict for the plaintiffs.

*Judgment affirmed. All the Justices concur.*