29032. HARPER et al. v. PARADISE et al.

INGRAM, Justice.

This appeal involves title to land. It is from a judgment and directed verdict granted to the appellees and denied to the appellants in the Superior Court of Oglethorpe County.

Appellants claim title as remaindermen under a deed to a life tenant with the remainder interest to the named children of the life tenant. This deed was delivered to the life tenant but was lost or misplaced for a number of years and was not recorded until 35 years later.

Appellees claim title as uninterrupted successors in title to an intervening mortgagee who purchased the property at a sheriff's sale following the foreclosure of a security deed given by the life tenant to secure a loan which became in default. Prior to the execution of the security deed by the life tenant, she obtained a quitclaim deed from all but one of the then living heirs of the original grantor who died earlier. Appellees also claim prescriptive title as a result of the peaceful, continuous, open and adverse possession of the property by them and their record predecessors in title for more than 21 years.

The life tenant died in 1972 and her children and representatives of deceased children, who were named as the remaindermen, then brought the present action to recover the land. The trial court determined that appellees held superior title to the land and it is this judgment, adverse to the remaindermen, that produced the present appeal to this court.

The above condensation of the title contentions of the parties can be understood best by reciting in detail the sequential occurrence of the facts which produced these conflicting claims of title.

On February 1, 1922, Mrs. Susan Harper conveyed by warranty deed a 106.65-acre farm in Oglethorpe County to her daughter-in-law, Maude Harper, for life with remainder in fee simple to Maude Harper's named children. The deed, which recited that it was given for Five Dollars and "natural love and affection," was lost, or misplaced, until 1957 when it was found by Clyde Harper, one of the named remaindermen, in an old trunk belonging to Maude Harper. The deed was recorded in July, 1957.

Susan Harper died sometime during the period 1925-1927 and was survived by her legal heirs, Price Harper, Prudie Harper Jackson, Mildred Chambers and John W. Harper, Maude Harper's husband. In 1928, all of Susan Harper's then living heirs, except John W. Harper, joined in executing an instrument to Maude Harper, recorded March 19, 1928, which contained the following language: "Deed, Heirs of Mrs. Susan Harper, to Mrs. Maude Harper. Whereas Mrs. Susan Harper did on or about the . . . day of March, 1927, make and deliver a deed of gift to the land hereinafter more fully described to Mrs. Maude Harper the wife of John W. Harper, which said deed was delivered to the said Mrs. Maude Harper and was not recorded; and Whereas said deed has been lost or destroyed and cannot be found; and Whereas the said Mrs. Susan Harper has since died and leaves as her heirs at law the grantors herein; Now therefore for and in consideration of the sum of $1.00, in hand paid, the receipt of which is hereby acknowledged, the undersigned Mrs. Prudence Harper Jackson, Price Harper and Ben Grant as guardian of Mildred Chambers, do hereby

remise, release and forever quit claim to the said Mrs. Maude Harper, her heirs and assigns, all of their right, title, interest, claim or demand that they and each of them have or may have had in and to the [described property]. To have and to hold the said property to the said Mrs. Maude Harper, her heirs and assigns, so that neither the said grantors nor their heirs nor any person or persons claiming under them shall at any time hereafter by any way or means, have, claim or demand any right, title or interest in and to the aforesaid property or its appurtenances or any part thereof. This deed is made and delivered to the said Mrs. Maude Harper to take the place of the deed made and executed and delivered by Mrs. Susan Harper during her lifetime as each of the parties hereto know that the said property was conveyed to the said Mrs. Maude Harper by the said Mrs. Susan Harper during her lifetime and that the said Mrs. Maude Harper was on said property and in possession thereof."

On February 27, 1933, Maude Harper executed a security deed, recorded the same day, which purported to convey the entire fee simple to Ella Thornton to secure a fifty dollar loan. The loan being in default, Ella Thornton foreclosed on the property, receiving a sheriff's deed executed and recorded in 1936. There is an unbroken chain of record title out of Ella Thornton to the appellees, Lincoln and William Paradise, who claim the property as grantees under a warranty deed executed and recorded in 1955. The appellees also assert title by way of peaceful, continuous, open and adverse possession by them and their predecessors in title beginning in 1940.

The appellees trace their title back through Susan Harper, but they do not rely on the 1922 deed from Susan Harper to Maude Harper as a link in their record chain of title. If appellees relied on the 1922 deed, then clearly the only interest they would have obtained would have been Maude Harper's life estate which terminated upon her death in 1972. "No forfeiture shall result from a tenant for life selling the entire estate in lands; the purchaser shall acquire only his interest." Code § 85-609. See *Mathis v. Solomon,* 188 Ga. 311 (4 SE2d 24); *Satterfield v. Tate,* 132 Ga. 256 (64 SE 60); *New South Building &c. Assn. v. Gann,* 101 Ga. 678 (3) (29 SE 15);

*McDougal v. Sanders,* 75 Ga. 140.

Appellees contend that the 1928 instrument executed by three of Susan Harper's then living heirs must be treated under Code § 67-2502 as having been executed by the heirs as agents or representatives of Susan Harper, thereby making both the 1922 and 1928 deeds derivative of the same source. That Code section provides: "All innocent persons, firms or corporations acting in good faith and without actual notice, who purchase for value, or obtain contractual liens, from distributees, devisees, legatees, or heirs at law, holding or apparently holding land or personal property by will or inheritance from a deceased person, shall be protected in the purchase of said property or in acquiring such a lien thereon as against unrecorded liens or conveyances created or executed by said deceased person upon or to said property in like manner and to the same extent as if the property had been purchased of or the lien acquired from the deceased person."

Appellees argue that since both deeds must be treated as having emanated from the same source, the 1928 deed has priority under Code § 29-401 because it was recorded first. Code § 29-401 provides: "Every deed conveying lands shall be recorded in the office of the clerk of the superior court of the county where the land lies. The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first."

In opposition to the appellees' reliance on Code § 67-2502, the appellants cite the case of *Mathis v. Solomon,* 188 Ga. 311, supra. In that case, the grantor by deed of 1923 conveyed to his wife for life, then to his heirs in remainder. This deed was not recorded until 1928. In 1926, the life tenant and one of the remaindermen conveyed the fee simple by warranty deed, recorded in 1927, to B. L. Fetner. Fetner conveyed by quitclaim deed to the defendants in 1930, and that deed was recorded in 1937. The remaindermen who had not joined in the 1926 deed to Fetner sued the defendants to recover the property. This court held in favor of the remaindermen, saying that Code § 67-2502 "enacted in favor of bona fide

purchasers from 'distributees, devisees, legatees, or heirs at law, holding or apparently holding land or personal property by will or inheritance from a deceased person,' cannot be extended beyond its terms so as to aid a bona fide purchaser from a life tenant as against a remainderman who does not join in the conveyance." The court further said that Code § 96-205 (relating to voluntary conveyances and re-enacted, in substantially the same form as Code Ann. § 29-401.1), "while including bona fide purchasers from administrators, executors, and others who in effect sell land as agent of the grantor making the voluntary conveyance, does not include purchasers acquiring title from other sources."

In *Mathis,* the deed to the life tenant conveyed the remainder interest to the grantor's heirs. Thus, a subsequent purchaser from the life tenant and only one of those heirs could not rely on Code § 67-2502 since the remaining heirs of the original grantor did not join in the deed. As these heirs of the original grantor were remaindermen, their interests could not be defeated by the later deed which was recorded first.

In the present case, the remaindermen in the deed to the life tenant were not the heirs of the grantor. They were named children of the life tenant grantee. Therefore, after the death of the original grantor, Susan Harper, her heirs could have joined in a deed to an innocent person acting in good faith and without actual notice of the earlier deed. If such a deed had been made, conveying a fee simple interest without making any reference to a prior unrecorded lost or misplaced deed, Code § 67-2502 might well apply to place that deed from the heirs within the protection of Code § 29-401.

However, the 1928 deed relied upon by appellees was to the same person, Maude Harper, who was the life tenant in the 1922 deed. The 1928 deed recited that it was given in lieu of the earlier lost or misplaced deed from Susan Harper to Maude Harper and that Maude Harper was in possession of the property. Thus Maude Harper is bound to have taken the 1928 deed with knowledge of the 1922 deed. See *King v. McDuffie,* 144 Ga. 318, 320 (87 SE 22). The recitals of the 1928 deed negate any contention that the grantors in that deed were holding

or apparently holding the property by will or inheritance from Susan Harper. Indeed, the recitals of the 1928 deed actually serve as a disclaimer by the heirs that they were so holding or apparently holding the land.

Therefore, Code § 67-2502 is not applicable under the facts of this case and cannot be used to give the 1928 deed priority over the 1922 deed under the provisions of Code § 29-401. The recitals contained in the 1928 deed clearly put any subsequent purchaser on notice of the existence of the earlier misplaced or lost deed, and, in terms of Code § 29-401, the 1928 deed, though recorded first, would not be entitled to priority. See *King v. McDuffie,* 144 Ga. 318 (2), supra; *Hitchcock v. Hines,* 143 Ga. 377 (85 SE 119); *Stubbs v. Glass,* 143 Ga. 56 (84 SE 126); *Holder v. Scarborough,* 119 Ga. 256 (46 SE 93); *Zorn v. Thompson,* 108 Ga. 78 (34 SE 303).

We conclude that it was incumbent upon the appellees to ascertain through diligent inquiry the contents of the earlier deed and the interests conveyed therein. See *Henson v. Bridges,* 218 Ga. 6 (2) (126 SE2d 226). Cf. *Talmadge Bros. & Co. v. Interstate Bldg. &c. Assn.,* 105 Ga. 550, 553 (31 SE 618), holding that "a deed in the chain of title, discovered by the investigator, is constructive notice of all other deeds which were referred to in the deed discovered," including an unrecorded plat included in the deed discovered. Although the appellees at trial denied having received any information as to the existence of the interests claimed by the appellants, the transcript fails to indicate any effort on the part of the appellees to inquire as to the interests conveyed by the lost or misplaced deed when they purchased the property in 1955. "A thorough review of the record evinces no inquiry whatsoever by the defendants, or attempt to explain why such inquiry would have been futile. Thus it will be presumed that due inquiry would have disclosed the existent facts." *Henson v. Bridges,* supra, p. 10.

The appellees also contend that they have established prescriptive title by way of peaceful, continuous, open and adverse possession by them and their predecessors in title beginning in 1940. However, the remaindermen named in the 1922 deed had no right of possession until the life tenant's death in 1972.

"Prescription does not begin to run in favor of a grantee under a deed from a life tenant, against a remainderman who does not join in the deed, until the falling in of the life estate by the death of the life tenant." *Mathis v. Solomon,* supra, p. 312. See also *Ham v. Watkins,* 227 Ga. 454 (3) (181 SE2d 490); *Biggers v. Gladin,* 204 Ga. 481 (6) (50 SE2d 585); *Seaboard Air-Line R. Co. v. Holliday,* 165 Ga. 200 (2) (140 SE 507); *Brinkley v. Bell,* 131 Ga. 226 (5) (62 SE 67).

A remaining enumeration of error asserted by appellants which deals with the admissibility into evidence of a title examiner's certificate of title is unnecessary to decide in view of the conclusions reached above. The trial court erred in granting appellees' motion for directed verdict and in overruling the appellants' motion for directed verdict. Therefore, the judgment of the trial court is reversed with direction that judgment be entered in favor of the appellants.

*Judgment reversed with direction. All the Justices concur, except Jordan, J., who dissents.*

ARGUED SEPTEMBER 9, 1974 — DECIDED NOVEMBER 5, 1974 — REHEARING DENIED NOVEMBER 18, 1974.

*Rupert A. Brown, Joseph J. Gaines,* for appellants. *Wilbur Orr,* for appellees.