S00A1794. CASEY v. WACHOVIA BANK, N.A.
(539 SE2d 503)

HUNSTEIN, Justice.

Rayna Casey appeals from the grant of partial summary judgment in favor of Wachovia Bank, N.A. regarding title to property on West Paces Ferry Road in Atlanta. Finding no error in the trial court's ruling, we affirm.

Casey claims title to an undivided one-half interest in the property through a deed of gift which was uncontrovertedly never delivered to her personally. It is well established that a deed is not valid and passes no title until it is delivered to the grantee or someone for her. *Giuffrida v. Knight,* 210 Ga. 128 (1) (78 SE2d 29) (1953); *Jones v. Phillips,* 227 Ga. App. 94 (1) (488 SE2d 692) (1997). Even assuming, arguendo, that the attorneys present at the closing on behalf of Casey's former husband and Wachovia Bank also served as agents on Casey's behalf for purposes of delivery of the deed, their actual knowledge that the deed of gift was subject to earlier-executed deeds to secure debt on the property (which were executed by the former husband in favor of Wachovia) would thus be imputed to Casey. See OCGA § 10-6-58 (notice to agent of any matter connected with her agency shall be notice to principal). Contrary to Casey's arguments, evidence that the deed of gift was recorded six minutes before Wachovia's deeds to secure debt did not create a jury question regarding the priority of the deeds under the uncontroverted facts in this case and her reliance upon OCGA §§ 44-2-1, 44-2-2 (b) is misplaced.

*Judgment affirmed. All the Justices concur, except Sears and Carley, JJ., who concur specially and Benham, C. J., not participating.*

CARLEY, Justice, concurring specially.

While I fully concur in affirmance of the trial court's grant of summary judgment in favor of Wachovia Bank, I disagree with the majority's focus on the timing of the delivery to Ms. Casey of the deed conveying to her an undivided one-half interest in the subject property.

This case does not involve any claims Ms. Casey has or may have against her ex-husband or any attorney participating in the closing. The only issue in this case is whether the security deeds executed by Mr. Casey have priority over the deed conveying an undivided one-half interest to Ms. Casey. It is undisputed that Mr. Casey executed the two security deeds to the bank first, but that the deed to Ms. Casey was filed for record prior to the filing of the security deed. Georgia's recording statutes protect only those parties "acting in good faith and without notice, who may have acquired a transfer or lien binding the same property. This . . . means that this third party must have acquired the transfer or lien for value and without notice." (Emphasis omitted.) *Toole v. Toole*, 107 Ga. 472, 477 (33 SE 686) (1899). Therefore, the fact that the deed in favor of Ms. Casey was filled for record before the security deeds does not establish priority of her deed unless she was a bona fide purchaser for value.

In this connection, it is important to note that Ms. Casey claims superior title in this case *only* by virtue of the deed from her ex-husband. That instrument specifically acknowledges the security deeds in favor of Wachovia Bank and expressly states that the grantor's warranty does not extend to claims based upon such security deeds. "When a grantee accepts a deed, he is bound by the covenants contained therein even though the deed has not been signed by him." OCGA § 44-5-39. Thus, the recital in the deed to Ms. Casey puts her on notice of the existence of prior security deeds in favor of the bank. See *Harper v. Paradise*, 233 Ga. 194, 199 (210 SE2d 710) (1974); *Zorn v. Thompson*, 108 Ga. 78 (34 SE 303) (1899); *Riley v. The Southwestern R.*, 63 Ga. 325, 328 (1879). "[O]ne claiming title to lands is chargeable with notice of every matter which appears in his deed. . . . [Cits.]" *Henson v. Bridges*, 218 Ga. 6, 9 (2) (126 SE2d 226) (1962). Therefore, whenever the deed to Ms. Casey was delivered, she, as the grantee thereof, had notice of the prior security deed in favor of the bank. Thus, no genuine issue of material fact remains as to the priority of the deeds to secure debt over the deed to Ms. Casey.

I am authorized to state that Justice Sears joins in this opinion.

DECIDED NOVEMBER 13, 2000.

*Taylor W. Jones, Jenney E. Jensen*, for appellant.
*Smith, Gambrell & Russell, Thomas M. Barton, Edward D. Burch, Jr.*, for appellee.