23   321<br>129  642

THOMAS McCURRY, plaintiff in error, vs. WILLIAM ROBINSON and JESSE M. WOOD, defendants in error.

*A defence which can be set up only in equity, is not lost by not being set up at law.*

In Equity, in Polk Superior Court. Decision on demurrer, by Judge HAMMOND, at October Term, 1856.

This was a bill for discovery, relief and injunction, filed by Thomas McCurry against William Robinson and Jesse M. Wood.

The complainant alleges that in October, 1845, he purchased of defendant, Robinson, two lots of land, containing

forty acres each, for the sum of one hundred and sixty dollars, payable in three instalments, and for which he gave his three promissory notes, due respectively, 25th December, 1845, 1846 and 1847, and that Robinson executed and delivered to him his bond for titles to be made upon the payment of the purchase money; that the trade was made in the county of Cobb, but Robinson resided in the city of Savannah, in the county of Chatham; that complainant moved on said land, cleared about fifty acres, made other improvements, and has contined to reside thereon, from a short time after said purchase to the filing of this bill.

. The bill further alleges that no application or demand for payment having been made upon the maturity of the first note, that complainant wrote to Robinson, in Savannah, informing him that he was ready to pay the same; and complainant avers that he has been ready and willing to pay all said notes as they became due; but he received no answer from Robinson, and he did not know where said notes were, or to whom to pay the money due thereon; they were never presented for payment, or any demand ever made upon him by Robinson, or any one else; that in June, 1849, without notice to complainant, Robinson fraudulently sold and conveyed said land to Jesse M. Wood, who lived on adjoining land, and who also had full knowledge of the purchase of said premises by complainant, from Robinson, and of his possession of, and claim to the same.

That Wood instituted ejectment against complainant for said land, and obtained a verdict in his favor, and now threatens to dispossess complainant and evict him from the premises.

The bill further alleges that complainant would have filed his bill, and interposed his equitable claim and title to said land, and enjoined said action of ejectment prior to the verdict and judgment, but pending said suit, the county of Polk, in which the land is situated, was cut off and organized from the county of Paulding, in which the action was originally

instituted, and he was informed by his attorney that nothing would be done in the case, at the first term after its transmission from Paulding to Polk Superior Court. Relying upon this information, he failed to make any preparation at said term, when his case was called, a continuation refused, and a verdict rendered against him.

The prayer of the bill is for discovery, and that the defendants be enjoined from enforcing their verdict and judgment in ejectment, and that the conveyance from Robinson to Wood be annulled, and that Robinson be decreed, upon the payment of the purchase money and interest to him, (and which complainant tenders and offers to bring into Court,) to execute titles to complainant, for the land in controversy.

The Chancellor sanctioned the bill and granted the injunction.

To the bill defendants demurred, for want of equity.

Upon the hearing, after argument, the Court sustained the demurrer and dismissed the bill. And to this decision counsel for complainant excepts.

J. R. ALEXANDER and T. A. LATHAM, for plaintiff in error.

E. D. CHISOLM, for defendants in error.

*By the Court*—BENNING J. delivering the opinion.

The effect of the contract, between Robinson and McCurry, was such, as to make Robinson hold the legal title to the land, in trust for McCurry on McCurry's paying the purchase money. Therefore, the effect of the contract was, to put the equitable title to the land in McCurry.

This equitable title, McCurry did not lose by his failure to pay the purchase money at the time when it fell due; for, in the first place, the contract was one in which, the *time* of

this payment, was not *essential;* and in the second, McCurry had, perhaps, used sufficient diligence in trying to pay the money at the time when it fell due.

This title in McCurry, however, being but an equitable title, and an equitable title not giving him the right to the legal title until the payment of the purchase money, this equitable title being, in other words, one that was not *complete,* was not a title by which, he could defend himself from an action of ejectment, founded on the legal title. *Pitts vs. Bullard,* 3 *Kelly.*

Wood stood in Robinson's shoes, for when he purchased from Robinson, he had notice of McCurry's title.

These things being so, what was the right which McCurry had, as against Wood and Robinson? It was the right to a specific performance of the contract of purchase, on his payment, or tender of the purchase money.

Did he lose this right, by letting the judgment in the action of ejectment, go against him before he filed his bill praying for such specific performance?

He did not. His equitable title, all the title which he had, was one that he could not set up in a Court of law. Therefore, the judgment in the ejectment suit decided nothing against that title. *Pollack vs. Gilbert,* 16 *Ga. Rep.* 398.

We think, then, that the Court erred in holding, that there was no equity in this bill.

Judgment reversed.