## PARKER *vs.* STAMBAUGH *et al.*

Prior to the Code, a second suit for land was not barred by a former judgment in ejectment, but since the adoption of the Code, a judgment in ejectment is conclusive as to the title between the parties thereto, unless the jury find for the plaintiff less than the fee. Therefore, a judgment in ejectment for the defendant will bar a subsequent action of complaint for land by the lessor of the plaintiff in the first action.

(*a.*) Code, §3363, was codified from the acts of 1855-6; and in so far as it militates against §3362 it is repealed thereby. The marginal reference in the Code to the acts of 1865-6 is an error.

September 11, 1883.

Ejectment. Judgments. *Res adjudicata.* Laws. Before Judge ESTES. Lumpkin Superior Court. April Term, 1883.

Parker brought complaint for land against Stambaugh, who was tenant in possession. Martin, the real owner, was made a party defendant by subsequent order. The defendant pleaded former recovery, and supported his plea with the record of an ejectment case which had been brought by John Doe, on the demise of the same plaintiff against the defendant for the same land. Plaintiff demurred to the plea; the entire issue was submitted to the judge; he held the plea good, and sustained it. Plaintiff excepted.

WIER BOYD, for plaintiff in error.

W. P. PRICE, for defendants.

JACKSON, Chief Justice.

The single question made by this record is, whether an action of ejectment, brought in the statutory form, is barred

by a judgment between the same substantial real parties on an action brought under the common law form. The lessor of the plaintiff in the former action is the plaintiff in the present suit; the defendant, who claimed title to the land before, is the defendant now, being in possession by a tenant in both cases, and the land sued for is the same as that recovered by the defendant before.

Before the Code of 1863, the present suit would not have been barred by the former judgment, but by the 3275th section of that Code—section 3362 of the present Code—it is declared that "a judgment in ejectment shall be conclusive as to the title between the parties thereto, unless the jury find for the plaintiff less than the fee." This changed the law, and made the judgment between the same real parties to the title conclusive against those parties, with the single exception that, if the fee was not involved, but a less estate, the claimant of the fee could sue again, though he had been defeated on a trial of an estate less than a fee in the same land.

Section 3363 does not affect the question. The note on the side page refers to the acts of 1865–6 as the date of that enactment. This is a mistake; it was enacted in 1855–6, and in so far as it may militate against this construction of section 3362, it was repealed by the Code of 1863.

The result is that the court below was right in holding that the plaintiff is barred by the first judgment.

Judgment affirmed.