## SANDERS *v.* THOMPSON, administrator.

One whose interest in property depends upon the terms of a will does not, by a deed from the executor, purporting to be executed pursuant to the requirements of the will, acquire any greater interest than would pass under the will. Nor can such a deed be used as color to lay the foundation of a prescriptive title against the claims of those whom the grantee was bound to recognize as the owners under the terms of the will.

Argued April 14, — Decided May 12, 1905.

Equitable petition. Before Judge Russell. Banks superior court. October 31, 1904.

*W. W. Stark* and *Oscar Brown,* for plaintiff in error.
*Fletcher M. Johnson,* contra.

Совв, J. This is the third appearance here of this controversy. In *Thompson* v. *Sanders,* 113 *Ga.* 1024, it was held that Sanders was a cotenant with Thompson, and that a suit brought by Sanders to recover exclusive possession of the entire property was properly dismissed on demurrer. In *Thompson* v. *Sanders,* 118 *Ga.* 928, it was held that the trust under the will of Nathan Sanders, created for the benefit of the wife of the plaintiff in error and her children, was executed as to the wife when the will took effect, and became executed as to the children when they respectively became of age; and that the intestate of the defendant in error, having acquired the interests of the children by conveyances executed by them after their majority, was the owner of a fifteen-sixteenths interest in the property, and the plaintiff in error the owner of a sixteenth interest acquired by inheritance from his wife, and that he had no further interest in the property. This ruling is conclusive upon the rights of the plaintiff in error on the facts as then before the court. The only new fact which has been introduced is that the executor of Nathan Sanders made a deed to the plaintiff in error, and that he has been in possession for more than seven years since this deed was executed. He attempts now to set up a prescriptive title as against the defendant in error. The will did not in express terms require the executor to make such a deed; nor was there any law requiring him to do so. The will itself was a muniment of title; and the deed made was simply a recognition by the executor of whatever interest the grantee took under the will. It did not purport to en-

large or diminish the rights of the grantee.    If available as color of title at all, it was simply color as to the rights under the will, whatever they might be.    It could not be used as the foundation for prescription to defeat those who claimed under the will.    There was no error in directing a verdict and terminating this litigation.

*Judgment affirmed.    All the Justices concur, except Candler, J., absent.*