## MERRITT *v.* HUTCHINGS.

No. 6834.   MAY 18, 1929.   REHEARING DENIED JULY 19, 1929.

*L. D. Moore,* for plaintiff in error.   *R. D. Feagin,* contra.

BECK, P. J.   We are of the opinion that the court should have sustained the grounds of demurrer quoted in the statement of facts. These demurrers raised the question of res adjudicata and estoppel by judgment.   The judgment in the ejectment suit in Bibb superior court was an adjudication against the plaintiff and in favor of the defendant in the present case, and it settled the question of title, which can not be again raised between these two parties.   It is true that when the case in Bibb superior court came on for trial the plaintiff filed an amendment converting the suit into an equitable proceeding against the defendant; and it was then held in reference to this amendment that "A plaintiff in ejectment can not engraft upon the original petition an amendment in the nature of a petition in equity, praying for a judgment declaring a deed from himself to the defendant, absolute in form, to be a security for debt only, and for an equitable accounting between the parties, etc., without alleging that the defendant is a resident of the county in which the suit is pending or a non-resident of the State;" and upon application of the principle stated in this quotation it was held that the judge did not err in striking the amendment to the petition; and the court further held that it was not erroneous to reject evidence offered to sustain the amendment after it had been stricken.   When this amendment was stricken the plaintiff might have dismissed his suit, knowing that it was necessary to show that a deed upon which the plaintiff relied and which was absolute in form was only a deed to secure a debt.   The plaintiff, however, did not dismiss the suit in Bibb superior court, but the case proceeded to trial, and the defendant showed an absolute deed to the land from the plaintiff to himself; and upon the conclusion of the introduction of evidence the judge directed a verdict for the

738

defendant. The plaintiff can not now maintain another suit for the recovery of this land, in the face of that verdict. It is true that certain issues, that is, as to whether the deed just referred to was an absolute deed or one to secure a debt, and whether the absolute deed was void for fraud, were not tried in that case. The evidence to support the plaintiff's contention as to that deed was rejected, after his amendment had been stricken, but the controlling question in the case was tried and a verdict of the jury had thereon. "A judgment in ejectment shall be conclusive as to the title between the parties thereto, unless the jury find for the plaintiff less than the fee." Civil Code, § 5583. "Prior to the Code, a second suit for land was not barred by a former judgment in ejectment; but since the adoption of the Code, a judgment in ejectment is conclusive as to the title between the parties thereto, unless the jury find for the plaintiff less than the fee. Therefore a judgment in ejectment for the defendant will bar a subsequent action of complaint for land by the lessor of the plaintiff in the first action." *Parker* v. *Stambaugh, 71 Ga.* 735. See also *Lamar* v. *Knott, 74 Ga.* 379.

*Judgment reversed. All the Justices concur.*