POORE *v.* RIGSBY *et al.*

No. 16812. OCTOBER 11, 1949.

*J. D. Gardner* and *A. H. Gray*, for plaintiff.

*Robert Culpepper Jr.*, for defendants.

ALMAND, Justice. The first question before us is, whether the trial court committed error in overruling the demurrers of the plaintiff to the amendment to the defendants' plea in bar. In this plea, it was alleged that the plaintiff was bound by the former litigation between Hinson and Palmer, by reason of the plaintiff being in privity with one J. L. Palmer, who was the defendant in the former action involving the same land. From the defendants' plea, it appears without dispute that in the former suit the present plaintiff, J. M. Poore, was not an actual party, or a party by representation, nor was the Federal Land Bank a party to that action. At the time the former litigation began and ended, the Federal Land Bank held legal title to the 45 acres, which was a part of a tract of 175 acres that had been conveyed to it on July 29, 1940, by J. C. Palmer as security for a debt; and on June 15, 1942, J. C. Palmer executed a warranty deed to J. L. Palmer, conveying the same land which had formerly been conveyed by him to the Federal Land Bank, and the deed to J. L. Palmer recited the existence of said loan deed, and bound the grantee, J. L. Palmer, to payment thereof. It thus appears from the facts pleaded that James M. Poore does not claim title from J. L. Palmer. His claim of title is by virtue of being purchaser at the foreclosure sale, and under a deed executed by the Federal Land Bank as attorney in fact for J. C. Palmer. Therefore, the defendants cannot claim that the

plaintiff is in privity with J. L. Palmer as a successor in title or estate, because it plainly appears that the plaintiff does not assert title by virtue of being a successor in title or estate to J. L. Palmer. So, if the defendants' contention, that J. M. Poore is in privity with J. L. Palmer, and therefore bound by the decree in the Hinson-Palmer ejectment suit, be sustained, it must be upon the allegation that, at the time J. M. Poore purchased the property at the foreclosure sale, he was acting as agent for and on behalf of J. L. Palmer, and by reason of such fact the actual party at interest as plaintiff in this case is J. L. Palmer, and not J. M. Poore. However, in order to sustain this contention, if it constitutes a valid plea, it would be necessary to show that the decree in the Hinson-Palmer action was one which settled the legal title to the 45 acres and determined that it was not in J. L. Palmer, but in Hubert Hinson, under whom the present defendants claim title.

Code § 33-119 provides as follows: "A judgment in ejectment shall be conclusive as to the title between the parties thereto, unless the jury find for the plaintiff less than the fee." This court, in construing this section and referring to the fact that this statute, which was enacted in 1855-56, and changed the prior law, said: "This changed the law, and made the judgment between the same real parties to the title conclusive against those parties, with the single exception that, if the fee was not involved, but a less estate, the claimant of the fee could sue again, though he had been defeated on a trial of an estate less than a fee in the same land." *Parker* v. *Stambaugh*, 71 *Ga.* 735, 736. Under the facts pleaded, at the time the former suit was instituted, the defendant therein, J. L. Palmer, had only an equitable interest or equitable title to the 45 acres involved in that action (*Cook* v. *Ga. Fertilizer &c. Co.*, 154 *Ga.* 41 (2), 113 S. E. 145; *Citizens Bank of Moultrie* v. *Taylor*, 155 *Ga.* 416 (1), 117 S. E. 247); and the legal title to this tract at the time of said former action was in the Federal Land Bank, and it was such a title as would authorize a recovery in ejectment by the grantee in the security deed. *Marshall* v. *Carter*, 143 *Ga.* 526 (3) (85 S. E. 691). The security deed having been executed to the Federal Land Bank prior to institution of the former ejectment suit, that bank was not in privity with J. L. Palmer

as to such action, and was not bound by the judgment in said ejectment case between Hubert Hinson and J. L. Palmer, not being a party thereto. *Moody* v. *Vondereau*, 131 *Ga.* 521 (3) (62 S. E. 821). It appears, therefore, from the facts stated in the defendants' plea, that at the time the final decree was entered in the former ejectment suit, the same could not have determined legal title to the land involved, for the reason that J. .L. Palmer did not hold legal title thereto.

In *Elwell* v. *New England Mortgage Security Co.*, 101 *Ga.* 496 (28 S. E. 833), A and B brought an action against S to recover certain land, and verdict and judgment were rendered in their favor. Before this action was commenced by A and B, the defendant S had borrowed money from X, and as security for payment thereof had executed a deed to the land in dispute. Subsequently to the judgment in the ejectment suit, X brought an action against S on the debt secured by the loan deed and recovered a judgment thereon, and while X was attempting to sell the property under the loan deed by levy and sale, a claim was filed by A and B. On the trial of the claim case, A and B offered in evidence the judgment which had been obtained in the ejectment suit against S, and this evidence was ruled out by the trial court, and in the motion for new trial error was assigned on this ruling. This court, after holding that a judgment against a party estops his grantee if the grant is subsequent to the judgment, and in holding that a judgment does not estop a grantee where the grant was prior to institution of the suit in which the judgment was rendered, said: "A case where the grantee takes the property before the commencement of the action on which the judgment is founded is within neither the reason nor the rule. The grantee and grantor are privies in estate, but as to acts done and relations formed by the grantor after the alienation of the property, the grantee is not bound. As to such acts and relations, subsequent to the grant, they are not in privity. After an absolute grant of my land to another, I can not, by act of mine or by submission to the rendition of judgments against me, lessen the interest vested in that other by the grant.

"This reasoning applies with equal force to the present case, where the deed was given to secure a debt, and we think there-

fore that, the deed having been made before the commencement of the action in ejectment against the grantor, the grantee is not concluded or estopped by the judgment. He is privy in estate only with respect to the estate at the time of the execution of the security deed or to what is the legitimate result of its status at that time. Mathes v. Cover, 43 Iowa, 512; *Garrard* v. *Hull & Tobin,* 92 *Ga.* 787. . .

"The judgment offered in evidence was not binding on the defendant in error, the grantee in the security deed, and can not be of any probative value in this case in determining the facts decided by the suit on which it is founded. To prove the facts decided by it, such judgment was not competent or relevant evidence in this case, and when offered for that purpose it was properly rejected by the judge." Pp. 498-499.

The case of *McCurry* v. *Robinson,* 23 *Ga.* 321, involved a suit for specific performance to enforce a contract for the sale of land. The facts were: M purchased from R two tracts of land, the purchase-money to be paid in installments, for which he gave his notes, and R executed to him a bond for title. It was alleged that R sold and conveyed the land to Wood, who had full knowledge of the purchase of the property by M from R and of his possession and claim to the property. It was alleged that W had instituted an ejectment suit against M for the land and obtained a judgment in his favor, and was threatening to dispossess and evict him from said premises. The bill was demurred to for want of equity, and this court reversed the judgment of the trial court, which had sustained the demurrer and dismissed the action. This court said that the effect of the contract between M and R was to make R hold legal title to the land in trust for M, and therefore M had an equitable title to the land, and had the right to obtain the legal title by payment of the purchase-money, and under the allegations of the bill, W purchased the land with knowledge and notice of M's right. The question, the court said, was whether M lost his right by letting W obtain a judgment against him in the ejectment action. As to this, the court said: "He did not. His equitable title, all the title which he had, was one that he could not set up in a court of law. Therefore, the judgment in the ejectment suit decided nothing against that title." P. 324.

It would thus seem that under these decisions, if J. L. Palmer had succeeded in the ejectment action of Hinson against him, and Hinson or the defendants in this case had subsequently become the purchaser of the legal title held by the Federal Land Bank at the foreclosure sale, J. L. Palmer could not have pleaded the former judgment in a subsequent ejectment action instituted either by Hinson or his successors in title, the defendants in this case, for the reason that the former action did not determine the question of legal title. We are of the opinion that the facts alleged in the plea are insufficient to show that the decree in the Hinson-Palmer suit settled and determined the question of legal title to the land, or barred the action of the plaintiff in this case. It is therefore unnecessary to pass upon the contention of the defendants that the plaintiff in this action was the agent of J. L. Palmer.

Our ruling herein is confined solely to the questions made by the demurrer to the amendment to the plea in bar, and is not to be taken or construed as an adjudication of any other question or issue on the trial of the main case.

The trial court erred in overruling the demurrer of the plaintiff to the amendment to the defendants' plea in bar, and all further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*