### 21886. C. SCHOMBURG & SON, INC. et al. v. SCHAEFER.

CANDLER, Justice. On June 8, 1960, an ejectment proceeding in the fictitious form was filed in the Superior Court of Muscogee County to recover possession of a described parcel of land and $25,000 as mesne profits and damages which the defendants had allegedly received therefrom and done thereto. The real parties to that proceeding were Mrs. Margaret Bullock McKee Schaefer, as the plaintiff, and Fred H. Schomburg and several others (his brothers and sisters), as the defendants. The defendants filed a plea of not guilty. The real parties to that litigation were adjacent landowners, each owning a part of lot 60 in the City of Columbus and neither disputing the title of the other to her and their tract as a whole. There the actual controversy between the parties was the location of the dividing line between their adjacent

lands and the plaintiff's claim against the defendants for mesne profits and damages. The declaration in that suit described the dividing line between the plaintiff's land and the defendants' adjacent land as beginning at a point on the west side of Broadway at the northeast corner of the Schomburg store building (No. 1121 Broadway)—a point 40.83 feet south of the northeast corner of lot 60 in the City of Columbus; thence westward for a distance of 70 feet along the northern wall of the Schomburg store building to the northwest corner of said building; and thence southward along the rear or west wall of said store building for a distance of 21.59 feet. The defendants, however, contended on the trial of that case that the dividing line between their land and the plaintiff's adjacent land began at a point on Broadway at the northeast corner of the Schomburg store building—a point 40.83 feet south of the northeast corner of lot 60 in the City of Columbus; thence westward along the northern wall of said store building for a distance of 70 feet; thence extending on in the same direction to a point 2 feet beyond the northwest corner of said store building; and thence southward along a line 2 feet west of the rear end or west wall of said store building for a distance of 21.59 feet. On the trial of that case there was no dispute between the parties respecting the location of any part of the dividing line between their lands except that 21.59-foot portion of it to the rear of and west of the Schomburg store building and the plaintiff contended and sought to prove that the rear or west wall of said store building was the dividing line between their respective lands. The defendants, however, contended and sought to prove that this portion of their dividing line was 2 feet to the rear of and west of the west wall of said store building. The plaintiff also introduced evidence respecting her claim for mesne profits and damages. Before the jury was charged, the parties agreed in open court that the only issue to be submitted to the jury was the right of possession to the 2-foot by 21.59-foot strip immediately rear of and west of the west wall of the Schomburg store building. The verdict was: "We, the jury find in favor of the defendants." On that verdict, a judgment was entered which decreed fee simple title in the defendants to the 2-foot by 21.59-foot strip and thus fixed the location of the disputed portion of the parties' divid-

ing line at the location or place contended for by the defendants. There was no motion to remold the judgment. That case was brought to this court for review and was affirmed on September 7, 1961. See *Schaefer v. C. Schomburg & Sons, Inc.,* 217 Ga. 170 (121 SE2d 642). It was there held that the evidence authorized the verdict and that the court did not err in overruling Mrs. Schaefer's amended motion for new trial. Thereafter and on December 27, 1961, Mrs. Schaefer (sole plaintiff in the first suit) brought fictitious ejectment in the same court and against the same parties or their privies in title in which she sought to recover possession of a small portion of the land embraced in her first petition and $25,000 as mesne profits and damages. In both suits the plaintiff relied on the same title and nothing has occurred since her first petition was filed which would give rise to a cause of action different from the one on which she then declared. To this suit, the real defendants filed a plea of not guilty and also a plea of res judicata, attaching thereto as exhibits a copy of the pleadings, the evidence, the verdict and the judgment in the former suit. After the plea of res judicata was filed, the plaintiff amended her declaration by adding a new count which alleges that the court in her prior suit improvidently, inadvertently and by mistake failed to so mold its judgment as to grant the relief prayed for in that case and in this case; that plaintiff was, under the pleadings and the evidence in that case, entitled to the relief sought in this case and, unless the judgment in that case is set aside, plaintiff may be placed in the position of owning property and having no remedy to enforce her right to possession of it "against the trespasses, inroads, encroachments and possession of the defendants." This amendment contained a prayer that the judgment in the former suit be vacated and set aside. The plaintiff and the defendant each moved for a summary judgment. The plaintiff based her motion on the grounds that (1) "There is no genuine issue as to any material fact to be presented to a jury as to the right of the plaintiff to recover, and the defendants had no right in law or equity to attach their building onto plaintiff's wall, and have no right in law or equity to have their encroachments on plaintiff's wall continue, and plaintiff is entitled to a judgment as a matter of law;" and (2) "As a matter of fact and as a matter of law the right of plaintiff

to eject the defendants as prayed has not been adjudicated and no decision as to the merits of the issue of this case has been made." The defendants based their motion on the ground that there was no genuine issue for determination by a jury respecting their plea of res judicata and for that reason they were entitled as a matter of law to a judgment sustaining that plea. The court by one judgment granted the plaintiff's motion for summary judgment and denied the defendants'. The defendants excepted. *Held:*

Under the doctrine of res judicata, a judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment is reversed or set aside. *Code* § 110-501. A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties, based upon a different cause of action. See *Sumner v. Sumner,* 186 Ga. 390 (197 SE 833), and the several cases there cited. The petition in the former suit described and sought to eject the defendants from all of lot 60 in the City of Columbus which the plaintiff claimed. It put in issue the location of the entire dividing line between her land and the adjacent land of the defendants. It also placed in issue any claim she had for mesne profits and damages resulting from the defendants' alleged entry upon and possession of her entire tract of land. By her petition in the instant case, she seeks to recover possession of a part of the land which she described and sought to recover in her prior suit against the same parties and also mesne profits received therefrom and damages done thereto which she claims occurred and were sustained by her prior to the filing of her first suit and which she sought to recover in that suit. It puts in issue the location of only a part of the dividing line between her land and the adjacent land of the defendants, a part thereof which was placed in issue and determined in her first suit. In the amendment to her petition in this case, she alleges and by that allegation solemnly admits in judicio that all of the relief she now seeks was sought in her prior suit against the parties to this action. It also affirmatively appears from the record that she, on the trial of her former

suit, agreed in open court that the only issue to be submitted to the jury was her right of possession to a strip of land 2 feet wide and 21.59 feet long immediately west of the west wall of a building on the defendants' land which was in fact an issue respecting the location of only a part of the boundary line between her land and that of the defendants—an issue which was determined and settled by the decree in her former suit. If the location of any other portion of the dividing line between the adjacent lands of these parties was in dispute or in controversy, that issue could and would have been settled and determined on the trial of her prior suit except for the aforementioned stipulation or agreement which the plaintiff and the defendants then made in open court respecting the issues which should be submitted to the jury for determination in that case, and this likewise applies to the claim which the plaintiff makes in this case for mesne profits and damages. This being true, we hold that the defendants' motion for summary judgment sustaining their plea of res judicata should have been granted and this litigation thereby finally terminated by such a judgment.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 14, 1963—DECIDED FEBRUARY 7, 1963—
REHEARING DENIED FEBRUARY 25, 1963.

*John G. Cozart, James H. Fort,* for plaintiff in error.
*Kelly, Champion & Henson, Willis & Carter,* contra.