26338. HAM et al. v. WATKINS.

ARGUED FEBRUARY 8, 1971—DECIDED APRIL 8, 1971.

*Benjamin B. Garland, Seay & Sims, Marshall R. Sims, Clifford Seay,* for appellants.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr., Jacobs, Jacobs & Meyers, Harris Jacobs,* for appellee.

MOBLEY, Presiding Justice. This appeal by Mrs. Ida Watkins Ham, Lorenzo Ham, Mrs. Paul Willingham, Joe Ham, and Mrs. Fred Hammond, objectors in a land registration proceeding, is from a judgment adopting the report of the examiner and decree-

ing fee simple title to described land in Lilla Ermine Watkins.

The land which Lilla E. Watkins sought to register formerly belonged to Joel B. Watkins, Sr. The will of Joel B. Watkins, Sr., devised and bequeathed all of his real and personal property to his wife, Sallie Watkins, during her life or widowhood. Items 4, 5, and 6 were as follows: "Item 4. At the death or marriage of my wife, Sallie Watkins, I give all of my property, both real and personal, to my children to be divided between them, share and share alike, for and during their natural lives, and at their death to go to their child or children if any they have. Item 5. If any of my children, die and leave no child or children, then I give the part given to him or her to my other children to be equally divided between them, share and share alike, for and during their natural lives and then to their child or children. Item 6. If any child of mine dies and when any one of them dies leaving a child or children, said child or children shall take the part given to said deceased child of mine."

Lilla E. Watkins is a daughter of Joel B. Watkins, Sr. She has no child or children. Mrs. Ida Watkins Ham is a daughter of Joel B. Watkins, Sr. The other objectors are grandchildren of Joel B. Watkins, Sr.

On May 3, 1935, Dr. J. B. Watkins and Obie Watkins, "as executors of the last will and testament of Joel B. Watkins, Sr.," executed a deed to Lilla E. Watkins conveying 200 acres, more or less, of the land formerly belonging to Joel B. Watkins, Sr. The deed recited that it was executed "by virtue of the power and authority vested in them in said will (will of Joel B. Watkins, Sr., which has been duly probated and recorded in said county) on the death of Mrs. Sallie Watkins, which has occurred, to divide up the real and personal property between the heirs of the testator, Joel B. Watkins." The deed states that it is "in consideration of the premises and in compliance with and consummation of a family settlement dividing the real estate by the heirs at law, aforesaid, and execution of similar conveyances to the other heirs to the portions set apart to them under said agreement, and in assent by grantors as executors to the legacy."

Lilla E. Watkins claims fee simple title to the land which she seeks to register under the deed from the executors, the family

settlement agreement referred to in the deed, and adverse possession since 1935.

■ Under the terms of the will of Joel B. Watkins, Sr., Lilla E. Watkins was devised only a life estate, and the executors of his will had no authority to convey to her a fee simple title to any of the property of the testator. Their deed as executors could not give her any larger estate than was given her by the will of the testator.

■ Lilla E. Watkins asserts that the deed was made pursuant to a family settlement agreement, and that the executors could convey fee simple title to the portion conveyed to her in consummation of the family settlement agreement.

From various documents introduced in evidence it is apparent that some family settlement was made, and deeds were made by the executors to the life tenants conveying the property apportioned to them. There is no evidence of the terms of this agreement, and Lilla E. Watkins testified that she and another life tenant were not present when the agreement was made. There was no conflict in the evidence that the grandchildren who were remaindermen were not present when the family settlement agreement was made, and they received no property under the agreement.

The will of Joel B. Watkins, Sr., provided that, at the death or remarriage of his wife, he gave his property to his children "to be divided between them, share and share alike, for and during their natural lives, . . ." There is no provision in the will authorizing the executors to make any sale or division of the property, and there was no right in the executors to effect a division. See *Miller v. Harris County*, 186 Ga. 648, 651 (198 SE 673). However, the provision in the will for the division of the property between the life tenants would authorize a division by them as to their life estates. If fairly made, such division would bind the life tenants as to the property they could possess during their lifetime, and would bind the children of each life tenant as to the portion they would receive after the death of their parent, under the provision of the will that the share of each child of the testator should, on the child's death, go to his or her child or children. *Cock v. Lipsey*, 148 Ga. 322 (6) (96 SE 628); *Teasley v. Hulme*, 150 Ga. 495, 498 (104 SE 151, 12 ALR 641).

A family settlement between the life tenants, which was not concurred in by the remaindermen, and under which they received no consideration, could not deprive them of property which they were entitled to receive on the death of a life tenant leaving no child or children. The deed by the executors to Lilla E. Watkins could not convey more than a life estate to her in the property described therein, since there is no evidence that the family settlement was concurred in by the grandchildren who were remaindermen.

■ Lilla E. Watkins contends that even if the executors of Joel B. Watkins, Sr., were not authorized to convey fee simple title to her, the deed purported to convey such title and was color of title, and that she has fee simple title by adverse possession since 1935.

It is unnecessary to decide whether the possession which the evidence showed would amount to adverse possession as against a person not claiming under the will of Joel B. Watkins, Sr. Her title is derived from the will of Joel B. Watkins, and she could not in good faith prescribe against the remaindermen under that will under the deed from the executors. Remaindermen have no right of possession until the death of the life tenant, and prescription does not run against them because of mere possession of the property by the life tenant. Compare: *Sanders v. Thompson,* 123 Ga. 4 (50 SE 976); *Brinkley v. Bell,* 131 Ga. 226 (5) (62 SE 67); *Satterfield v. Tate,* 132 Ga. 256, 264 (64 SE 60); *Mathis v. Solomon,* 188 Ga. 311, 312 (4 SE2d 24); *O'Kelley v. Jackson,* 210 Ga. 539 (81 SE2d 454); *Perkins v. First Nat. Bank of Atlanta,* 221 Ga. 82, 92 (143 SE2d 474).

The fact that the life tenant made valuable improvements on the property would not be evidence that she held adversely to the remaindermen. The improvements made upon land by a life tenant pass to the remaindermen. *Smith v. Smith,* 133 Ga. 170 (8) (65 SE 414); *Darnell v. Williams,* 171 Ga. 651 (10) (156 SE 584). Nor would the cutting of all the timber on the property be evidence that she was holding adversely to the remaindermen. While the remaindermen might have brought suit to stop such cutting as waste, they could permit the cutting of the timber without waiving any rights they had as remaindermen.

■ The examiner allowed Lilla E. Watkins to introduce in evi-

dence the record in Butts Superior Court in the 1955 case of Watkins et al. v. Deraney, in which Obie Watkins, Lilla E. Watkins, Mrs. Ida Watkins Ham, Sara Wright Hammond, Glenn Wright, and Mrs. Marian Wright O'Neal, as devisees of the will of Joel B. Watkins, Sr., sought to recover a tract of land which had been sold by Dr. Joel B. Watkins to H. Deraney, and which was claimed by his widow, Mrs. H. Deraney. The plaintiffs in that case asserted that Dr. Joel B. Watkins owned only a life estate in the property sold. Mrs. Deraney filed numerous defenses, one defense being that Dr. Joel B. Watkins had fee simple title to the land sold to her husband under a family settlement agreement. There was a general verdict and judgment for Mrs. Deraney. The case was not appealed to this court.

The judgment in the Deraney case could not bind the objectors in the present case either as res judicata or as an estoppel by judgment. It was not between the same parties, or their privies, as those in the present case, and did not determine title to the same property. See *Spence v. Erwin*, 200 Ga. 672 (1) (38 SE2d 394); *Poore v. Rigsby*, 206 Ga. 66 (55 SE2d 547); *C. Schomburg & Son, Inc. v. Schaefer*, 218 Ga. 659, 662 (129 SE2d 854).

■ The trial court erred in making the report of the examiner the judgment of the court, and decreeing fee simple title in Lilla E. Watkins to the land she sought to register.

*Judgment reversed. All the Justices concur.*