S94A1008. GIDDENS et al. v. BARRENTINE et al.
(448 SE2d 441)

FLETCHER, Justice.

This appeal involves a property dispute between adjoining property owners and the Town of Enigma over an abandoned railroad right-of-way. The trial court held that the adjoining property owners had title to the property. We affirm as to the owners in land lot 369, but reverse as to the owners in land lot 370.

The Interstate Commerce Commission authorized the railroad company to abandon its railroad line in Berrien County in 1986. In 1989, CSX Transportation, Inc. deeded the railroad property in dispute to the Town of Enigma by quitclaim deed. The deed recites that the property "constituted a strip of Grantor's former operated Rail-

road right-of-way." In 1992, Bentley Barrentine and other owners of property adjacent to the railroad right-of-way sued Mayor Cecil Giddens and Enigma's city council members. The complaint sought a writ of ejectment, quiet title, and an injunction. The trial court granted summary judgment to the property owners in land lots 369 and 370, ordering the removal of town officials from the property, cancelling the quitclaim deed from CSX to the town, and vesting the property in Barrentine and the other adjoining owners. The town appeals.

1. The property owners in land lot 369 assert ownership as successors in title to John Easters. In 1870 Easters conveyed to the Brunswick and Albany Railroad, a predecessor of CSX, in fee simple "the right and title to run and build their railroad through lot of land no. 369." The deed's habendum clause provides for the railroad company

> to have and to hold to their own proper use and benefit the right of way for their track one hundred feet in width on each side of said track with all the timber earth and rock within said space the said track to run the length of said lot to have and to hold to said railroad company so long as they their successors and assigns shall maintain and use said road but to revert to the said party of the first party whenever the said road shall be abandoned.

The town claims ownership under the 1989 quitclaim deed.

OCGA § 9-11-56 provides that summary judgment shall be rendered if the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The interpretation of the language in a deed is generally a question of law unless it is so ambiguous that the ordinary rules of construction cannot resolve the ambiguity. *Hardman v. Dahlonega-Lumpkin County Chamber of Commerce*, 238 Ga. 551 (233 SE2d 753) (1977). The cardinal rule of construction is to ascertain the intention of the parties. OCGA §§ 13-2-3; 44-6-21; *Jackson v. Rogers*, 205 Ga. 581, 587 (54 SE2d 132) (1949).

The language in the 1870 deed indicates that the parties intended to establish a railroad right-of-way, either as an easement or a determinable fee. See *Ga., Ashburn, &c. R. Co. v. Johnson*, 226 Ga. 358 (174 SE2d 895) (1970) (determinable fee); *Askew v. Spence*, 210 Ga. 279, 280 (79 SE2d 531) (1954) (easement). The habendum clause gives the railroad company 100 feet on each side of the track, including the right to the timber, earth, and rock, to use as a right-of-way and provides for an immediate reversion without any action by the grantor when the property is no longer used as a railroad. If the deed conveys

an easement, then the railroad company had no interest to convey to the town after abandoning its property in 1986. See *Byrd v. Goodman*, 195 Ga. 621, 631 (25 SE2d 34) (1943). If the deed conveys a determinable fee, then the deed provides specifically for the road to revert to the grantor "whenever the said road shall be abandoned." See *Lawson v. Ga. Southern &c. R. Co.*, 142 Ga. 14, 20 (82 SE 233) (1914). Therefore, title to the right-of-way vested in the adjoining property owners in land lot 369 when the railroad abandoned its line under either construction of the deed and the railroad had no property interest to convey to the town in 1989.

Because the quitclaim deed from CSX to the Town of Enigma includes property that is not in dispute in this action, the trial court should not have cancelled and set aside the deed. On remand, the trial court may enter an order declaring the deed void as it relates to the property in question.

2. Both the property owners and the town agree that there remain issues that the trial court must resolve related to the property in land lot 370. Accordingly, we reverse the grant of summary judgment to the property owners in land lot 370.

*Judgment affirmed with direction in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 3, 1994.

*Perry, Moore & Studstill, Mitchell O. Moore,* for appellants. *Buckley & Buckley, Richard R. Buckley, Jr.,* for appellees.