A95A0347. YOUNG et al. v. FAULKNER et al.
(457 SE2d 584)

BIRDSONG, Presiding Judge.

Appellants/defendants appeal from the order of the superior court granting partial summary judgment on the issue of liability to appellees/plaintiffs in this suit for damages for trespass on real property by wrongful conversion of timber thereon. *Held*:

1. The applicable summary judgment standard is that of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

2. "The interpretation of the language in a deed is generally a question of law unless it is so ambiguous that the ordinary rules of construction cannot resolve the ambiguity. [Cit.] The cardinal rule of construction is to ascertain the intention of the parties." *Giddens v. Barrentine*, 264 Ga. 510, 511 (1) (448 SE2d 441). The mere existence of two possible interpretations to a deed or contract does not automatically transform the issue into a jury question; the judicial responsibility of a court is higher than that of mere referee. *Holcomb v. Word*, 239 Ga. 847, 848 (238 SE2d 915). Construction of ambiguous deeds is the duty of the court, and only if ambiguity remains after application of the pertinent rules of construction will extrinsic evi-

dence be admissible to explain the ambiguity. Id.

Examination of the chains of title of both appellants and appellees reveal unequivocally that appellees/plaintiffs are vested with legal title to the upper one-half of the original tract of land, which original tract was then described as consisting of five acres and was deeded in 1905 by Jacob McMillan to A. A. Stokes.

We also find appellants/defendants did not hold valid legal title to four acres of land within said original tract; rather, appellants' chain of title establishes their predecessors in title were granted only the lower one-half — which survey reflects consists of only 2.48 acres — of the original tract.

3. Appellants, however, also claim title to the land at issue through prescription by adverse possession.

Both appellants' and appellees' properties can be traced back to a tract of land owned by Jacob McMillan; in 1905 McMillan conveyed the described five-acre tract to A. A. Stokes. In 1911, Stokes conveyed the south half, approximately two-and-one-half acres, of the tract to J. D. Raulerson who is one of the predecessors in appellants' chain of title. In 1912, Stokes conveyed the north half, approximately two-and-one-half acres, of the tract to F. B. Bradley who is one of the predecessors in appellees' chain of title. In 1916, Raulerson conveyed the (south) property acquired by him to Mrs. J. M. Williams; the deed was recorded in 1918. In 1922, the property through which appellants claim title was subject to a mortgage deed, executed by J. M. Williams and M. E. Williams (also known as Mrs. J. M. Williams), which erroneously described the acreage in the (south) tract as consisting of four acres; the mortgage was foreclosed in 1925 and bought by J. H. Gibbs; Gibbs conveyed the property to W. J. C. Brown and the deed was recorded in 1926. W. J. C. Brown died testate and willed a life estate in the premises to Carl Brown. In 1951 Carl Brown conveyed all his legal interest in the property to Dr. J. E. McMillan and in 1958, Dr. McMillan conveyed the same to appellant W. D. Young. Carl Brown died in 1972. In 1988, the children of Carl Brown initiated suit to obtain legal title in fee simple to certain family properties; the superior court entered an order which, inter alia, vested legal title in fee simple in the children as to that tract of land which originally constituted the south half of the original, described, five-acre tract of Jacob McMillan. However, the court in entering the legal description of the land in its order included the erroneous words, "one four-acre tract," apparently being unaware of the deviation as to acreage description originating in the mortgage deed of said land in 1922. In September 1990, a public sale of this property occurred; appellant W. D. Young, to protect his legal interests, placed a bid and acquired ownership of this and other parcels of property from the Brown family. In October 1990, each of the five Brown children

conveyed their one-fifth, undivided interest, in the property to W. D. Young who now held the property in fee simple. Appellant W. D. Young filed an affidavit attesting, inter alia, that "he has not cut timber on any property other than that property which he has claimed and possessed as his property openly, notoriously, and to the exclusion of all others, under a claim of right, ever since he acquired the same by deed from Dr. McMillan in June of 1958. At no time has affiant surrendered this property to the domain of any other person and has exercised all the rights and privileges thereon under color of title and claims right to the same."

In addition to relying on a claim of prescription by means of adverse possession for a term of at least 20 years (see generally OCGA §§ 44-5-161 and 44-5-163), appellants also rely upon a claim of prescription based on possession, under color of written evidence of title, for a term of at least seven years (OCGA § 44-5-164). Specifically, appellants assert that their possession of the real property in question under written evidence of title (the deeds and other legal documents reflecting their ownership of a tract of four acres) for a continuous period of not less than seven years would confer good title by prescription as against appellees. Appellees attempt to refute this claim by asserting that possession will not run against anyone by the possession of property by a life tenant, and that appellants were vested only with a life estate in the property conveyed in 1958 to them by Dr. McMillan until they obtained fee simple title to the property in 1990 or until their predecessors in title, the children of Carl Brown, obtained fee simple title by means of the court order of 1988. Thus, according to appellees, appellants could not have held the land by means of adverse possession for even seven years. In support of this contention, appellees rely upon the holding in *Ham v. Watkins*, 227 Ga. 454 (3) (181 SE2d 490). Notwithstanding the emphasized language appearing in the appellees' brief, the accurate quotation from *Ham*, supra at 457, is as follows: "Remaindermen have no right of possession until the death of the life tenant, and prescription does not run *against them* because of mere possession of the property by the life tenant." (Emphasis supplied.) Accord *Davis v. Fambro*, 254 Ga. 737, 738 (334 SE2d 306) (adverse possession cannot run against remaindermen until their rights become vested). *Ham*, supra, and its progeny do not hold that a life tenant can never gain title against anyone by means of adverse possession but only that a life tenant generally cannot gain adverse possession against remaindermen until their rights vest through termination of the prior estate. See generally Ga. Real Est. Law, § 12-58 (4th ed.). Appellants did not stand in relationship to appellees as remaindermen; rather, appellees were the legal owners of the south half of the original tract. Accordingly, the fact appellants were vested with a life estate in property conveyed under a

different chain of title would not prevent them from acquiring title by prescription to the land of appellees. See OCGA §§ 44-5-160; 44-5-161. While possession must be accompanied by a claim of right in order to obtain title by prescription (OCGA § 44-5-161 (a) (4)), "this does not mean that the possession must be accompanied by a claim of title out of some predecessor"; rather "it does mean that there must be some claim of title in the sense that the possessor claims the property as his own." (Punctuation omitted.) *Wisenbaker v. Warren*, 196 Ga. App. 551, 553 (3) (396 SE2d 528).

" 'Adverse possession is usually a mixed question of law and fact — whether the facts exist which constitute adverse possession, is for the jury to judge. Whether, assuming the facts proven to be true, they constitute adverse possession, is for the court to decide.' " *Barnett v. Holliday*, 228 Ga. 361, 362 (2) (185 SE2d 397). However, in this case, appellees/plaintiffs in support of their motion for summary judgment provided evidence not only of their superior title to the upper half of the original tract consisting of approximately 2.48 acres, but also of their public, continuous, exclusive, uninterrupted, and peaceable possession of said property. Appellants do not attempt to rebut appellees' claim of uninterrupted, peaceable possession of the upper half of the original tract by the Bradley/Faulkner family for a period of over 78 years, by establishing their dispossession of appellees; rather, appellants assert their own claim of possession of the property. Thus, the facts of record at the time of the superior court's ruling (see *Nowell v. Fain*, 174 Ga. App. 592, 593 (330 SE2d 741)) establish that both appellants and appellees were asserting right of possession over the property in question. "[W]here, as here, two persons enter onto property each claiming an interest therein, he who is the true owner or has the better title is deemed to be in possession thereof unless he is dispossessed by the other person. 'Adverse possession, in order to ripen into title, must be exclusive. "Exclusive possession" means that the disseizor must show an exclusive dominion over the land and an appropriation of it to his own use and benefit. Two persons cannot hold one piece of property adversely to each other at the same time, and where two persons have entered upon land, *he who has the better title will be deemed to be in possession thereof.* It is therefore essential that the possession of one who claims adversely should establish . . . *ouster* of the true owner because *in the absence of ouster*, the title draws to itself the continuous possession of the property. Possession not amounting to disseizin is insufficient.' [Cits.] 'Where the rightful owner of real estate is in the actual occupancy of a part of his tract, he is in the constructive and legal possession and seisin of the whole, unless he is disseised by actual occupation and dispossession; and where the possession is *mixed*, the legal seisin is according to the legal title.' " (Emphasis supplied.) *Carter v. Becton*, 250 Ga. 617, 618

(4) (300 SE2d 152). No genuine issue of material fact exists as to appellants' claim of title by prescription. Appellants' various contentions in support of their enumeration of error are without merit. A grant of summary judgment must be affirmed if it is right for any reason. *Newsome v. Dept. of Human Resources*, 199 Ga. App. 419, 423 (3) (405 SE2d 61).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED APRIL 25, 1995.

*John T. Croley, Jr.,* for appellants.
*Rogers & McCranie, Murphey Rogers,* for appellees.